Wynnewood Civic Association, Appellant,
*v.* Lower Merion Township Board
of Adjustment.

414

Argued December 4, 1961. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Leo Vernon,* with him· *Desmond J. McTighe, J. Grant McCabe, III,* and *William W. Cancelmo,* for appellant.

*Robert L. Trescher,* with him *Arthur H. Moss, Cassin W. Craig, C. Brewster Rhoads,* and *Montgomery, McCracken, Walker & Rhoads,* and *Wisler, Pearlstine, Talone & Gerber,* for corporation, appellee.

*Edmund B. Spaeth, Jr.,* with him *John E. Forsythe,* Township Solicitor, and *Wright, Mauck & Spencer,* for Board of Adjustment of Lower Merion Township and Lower Merion Township, appellees.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, March 13, 1962:

This is a controversy between the owner of a tract of land, located in Wynnewood, Lower Merion Township, Montgomery County, who seeks to erect thereon a twelve-story apartment building, and a civic association, composed of residents in and about the area, which opposes the erection of such building. In the background of this controversy is a record of litigation, extending in time over a decade, before the Township Board of Adjustment (Board), the Township Commissioners (Township), the Courts of Common Pleas and Quarter Sessions of Montgomery County and the Superior Court.

Thomas Wynne, Inc. (Wynne), owns a tract of land which is *now* zoned under Township Ordinance 1031 as an "R-7" district wherein the erection of apartment buildings is permitted. This tract of land is bounded on the east by land owned by Wynne upon which apartment buildings are located, on the south by the right of way and the Wynnewood Station of the Pennsylvania Railroad and on the north and west by land which is zoned and used only for single family dwellings.

In 1950, under the *then existing* Township zoning ordinance, this land (part of a larger tract of land owned by a Miss Gibson) was zoned as a district within which was permitted the erection of only single family dwellings. On April 12, 1950, Miss Gibson applied for a change of zoning to permit the erection of apartment buildings on this land. Her application having been rejected by the Township Planning Commission and the Township, Miss Gibson on August 2, 1950 peti-

tioned for a declaratory judgment in the Court of Common Pleas of Montgomery County wherein she sought to have the then existing zoning ordinance declared unconstitutional in its application to this land; that petition was dismissed. In 1951, Miss Gibson and Wynne's predecessor in title again applied to the Board for permission to erect apartment buildings on this land; both the Township and Wynnewood Civic Association (Association) were opposed and, after hearing, the Board denied the application. Although an appeal was then taken to the Court of Common Pleas of Montgomery County it was not prosecuted.

In 1952, Miss Gibson and Wynne again appealed to the Township to change the then existing zoning ordinance so as to allow erection of apartment buildings on this land and, on July 16, 1952, the Township, over the Association's vigorous opposition, tentatively approved such change. On December 8, 1952, the Township passed Ordinance 1031 under the terms of which this land was zoned as an "R-7" district wherein apartment buildings are permitted to be erected.

The Association then instituted an action in the Court of Quarter Sessions of Montgomery County contending that the ordinance of December 8, 1952 was both procedurally and substantively defective.[1] The Township sought to have this action dismissed on the ground that the only manner in which the legality of the ordinance could be raised was under the particular remedy provided by the applicable zoning statute. The Court held (*Wynnewood Civic Association v. Lower*

---

[1] The Association claimed that the ordinance was arbitrary and unreasonable, discriminatory and a denial of due process, its enactment was an arbitrary abuse of discretion, that it was conditional legislation passed only after the petitioner had agreed not to apply for any change in zoning of certain property, that it was not passed by three-fourths of the Commissioners as required and that the Association was denied a fair hearing.

*Merion Township,* 69 Montg. 317), that the Association had proceeded properly and refused to dismiss the action. On appeal, the Superior Court affirmed that ruling: *Wynnewood Civic Association v. Lower Merion Township,* 175 Pa. Superior Ct. 20, 102 A. 2d 423. The Township then presented a petition to the Court of Quarter Sessions seeking to have the hearing on the Association's complaint limited to *procedural* defects in the passage of the ordinance and the Court so limited the hearing (*Wynnewood Civic Association v. Lower Merion Township,* 70 Montg. 260). After hearing, the Court on May 27, 1955 dismissed the action holding there were no procedural defects in the passage of the ordinance. On appeal, the Superior Court affirmed that ruling: *Wynnewood Civic Association v. Lower Merion Township,* 180 Pa. Superior Ct. 453, 119 A. 2d 799.

Approximately three years later, Wynne applied to the Board for a special exception to permit the area of a proposed underground garage to be counted as open area so as to comply with the site coverage required under the provisions of the zoning ordinance. After hearings, and over the Association's opposition, the Board granted this special exception. On appeal to the Court of Common Pleas of Montgomery County the Board's action was affirmed and no further appeal was taken.

On April 8, 1960, Wynne was granted a building permit to construct a twelve-story apartment building on the land. From the issuance of that permit the Association appealed to the Board questioning on *substantive* grounds the validity of the ordinance of December 8, 1952. At the outset, the Board, under the misapprehension that this appeal involved the same factual situation presented in the Board's previous hearings on Wynne's application for a special exception, was of the opinion that it lacked authority to or-

der additional testimony and denied the Association's appeal. The Association then appealed to the Court of Common Pleas of Montgomery County which directed that the record be remanded to the Board for taking additional testimony. After hearing, the Board on December 15, 1960 again denied the Association's appeal and, on appeal from that ruling, the Court of Common Pleas of Montgomery County, *without taking any additional testimony or hearing the matter de novo,* on March 9, 1961 upheld the Board's action. *From that order this appeal has been taken.*[2]

Before the order which is the subject matter of this present appeal was entered, the Association presented a petition to the Court of Quarter Sessions of Montgomery County seeking to have that Court set aside its previous order of May 27, 1955 which had been the order appealed from in *Wynnewood Civic Association v. Lower Merion Township,* 180 Pa. Superior Ct. 453. After taking extensive testimony in that proceeding, the Court of Quarter Sessions refused to reopen and set aside its previous order. *From that order no appeal has been taken.*[3]

In the instant appeal, the Association presents only one question: whether the ordinance of December 8,

[2] In 1960 the Association applied to the Township for a repeal of the ordinance of December 8, 1952 and a restoration of the land to a district wherein only single family dwellings could be constructed. After hearing, the Township rejected this application and refused to repeal the ordinance.

[3] Other litigation has arisen from this controversy. In 1960 the Association instituted a mandamus action to prevent the Board from holding hearings in the appeal from the grant of the building permit; the Court of Common Pleas dismissed this complaint. In April, 1960 an equity action was instituted in which certain restrictive covenants contained in an agreement executed in 1952 were invoked to prevent the construction of the proposed apartment building. After dismissal of that action by the Court of Common Pleas of Montgomery County, an appeal was taken to this Court, which appeal is still pending.

1952 is invalid because it is "vague and indefinite in that it fails adequately to describe the boundaries of the area to be rezoned and incorporates as one of the boundaries a 'proposed road' which is not defined or identified in the Ordinance."[4]

Both Wynne and the Township have filed motions to quash or dismiss the Association's appeal. The one reason[5] set forth in these motions which commands our attention is that the question presented for our consideration was not properly raised in the court below.

It is well settled that a question not raised properly in the court below will not be considered by this Court on appeal (*Rome Township Referendum Recount Case,* 397 Pa. 331, 155 A. 2d 361; *Muse-Art Corporation v. Philadelphia,* 373 Pa. 329, 95 A. 2d 542; *Prenzel v. Apex Hosiery Co., Inc.,* 299 Pa. 17, 148 A. 915), and that rule applies even though the question sought to be raised involves a constitutional issue (*Archbishop O'Hara's Appeal,* 389 Pa. 35, 46, 47, 131 A. 2d 587 and cases therein cited).

In zoning cases where an appeal is taken from the decision of a board of adjustment to a court of common pleas and the latter takes no additional testimony, judicial review is limited to an examination by the court of the record presented before the board to determine whether the board has been guilty of a manifest abuse of discretion or has committed an error of law: *Magrann v. Zoning Board of Adjustment,* 404 Pa. 198, 200,

---

[4] The question as presented refers only to the *northern,* not the southern, boundary of the tract. Despite that fact, the Association argues in its Supplemental Brief that the *southern* boundary of the tract as set forth in the ordinance is vague and indefinite. Such argument is entirely irrelevant and immaterial to the question presented on this appeal.

[5] Other reasons alleged for dismissal or quashing of the appeal are: (1) failure to comply with Supreme Court Rule 45 and (2) lack of standing in the Association to prosecute this appeal. In view of the result we reach these need not be now considered.

170 A. 2d 553; *Mignatti Appeal*, 403 Pa. 144, 146, 168 A. 2d 567; *Upper St. Clair Township Grange Zoning Case*, 397 Pa. 67, 152 A. 2d 768; *Tidewater Oil Co. v. Poore*, 395 Pa. 89, 93, 149 A. 2d 636. Likewise, in zoning appeals, on an appeal from an order of a court of common pleas to this Court, where the court below took no additional testimony, we review the record to determine whether the board, not the court, has manifestly abused its discretion or committed an error of law: *Kotzin v. Plymouth Township Zoning Board of Adjustment*, 395 Pa. 125, 127, 149 A. 2d 116; *Nicholson v. Zoning Board of Adjustment*, 392 Pa. 278, 282, 140 A. 2d 604.

In the case at bar, the court of common pleas did not take any additional testimony and, therefore, it became its duty to determine whether the board had manifestly abused its discretion or committed an error of law *on the basis of the record which was before the board*. The board, in its opinion, stated, inter alia: "Turning to the attack on the validity of the Ordinance which was the subject of the most recent hearings before the Board, as the Board understands the contentions of the Civic Association, that organization urges two basic points: (a) In the Civic Association's view, the Ordinance does not promote the public health, safety, morals and welfare and is not in accordance with any comprehensive zoning plan. (b) The Civic Association argues that the Commissioners were misled when passing the Ordinance by representations to the effect that Miss Gibson and Thomas Wynne would so restrict the property that an apartment of the type now proposed could not be erected . . . ." While the Board stated that it had "no jurisdiction to pass upon the validity of the ordinance", yet the fact remains that, *in the proceedings before the Board, the Association never raised the question of the ordinance being vague and indefinite* as is evidenced both by the opinion of the

board and the record before it. Had that question been raised before the board the opportunity would then have arisen for the presentation of testimony as to the location of the "proposed road", the availability to the public of a map or maps which precisely and definitely fixed the location of that road, etc., such as was presented in the proceedings before the Court of Quarter Sessions in 1961 when that Court was requested to reopen its order of May 27, 1955.

Furthermore, when the Association initially appealed from the board's order, i.e., before the court remanded the record to the board for the taking of additional testimony, the grounds upon which the appeal was based were enumerated but the ordinance was not then attacked on the ground it was vague and indefinite. The Association now urges that it did file another appeal from the board to the Court of Common Pleas on January 9, 1961 wherein the ordinance was attacked on the ground that it was vague and indefinite. Such appeal was apparently misfiled and did not come to the attention of counsel for the Township or Wynne or the court until months after the present appeal to this Court was filed.

At the time of oral argument before the court below, *for the first time in this proceeding* the Association revealed to the Court and opposing counsel that it was attacking the validity of this ordinance on the ground that it was vague and indefinite. At that time the court could not pass upon this question; it had not been raised before the board, on this subject the record of the board was silent, no evidence—essential to a resolution of the question—had been presented nor an opportunity to present such evidence given. Very properly, the court, as an examination of its opinion will reveal, did not pass upon this question.

Under these circumstances, the sole question sought to be argued on this appeal not having been properly

raised in the court below, cannot now be considered and the appeal must be quashed.[6]

Appeal quashed. Costs on the Association.

---

[6] In this connection it should be noted that, when the Association on January 10, 1961 petitioned the Court of Quarter Sessions of Montgomery County to open its decree of May 27, 1955, it then assigned as a ground that the ordinance was invalid because it was vague and indefinite. At that time testimony *essential* for the resolution of that question was presented. The court below refused to reopen the decree and no appeal therefrom was taken. While we need not, in view of the conclusion reached in this opinion, pass upon the effect of that ruling, it might well be considered to constitute the "law of the case".