Eller *v.* Board of Adjustment, Appellant.

2

Argued January 15, 1964.   Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Theodore O. Rogers,* with him *James E. O'Neill,* and *Rogers & O'Neill,* for appellant.

*Ralph W. Kent,* with him *D. Barry Buckley,* and *Perna & Delduco,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, March 26, 1964:
James C. Eller and his wife own approximately 13 acres of land in London Britain Township, Chester

County. The Ellers purchased the property in 1951 and, since that time, have been engaged in raising mushrooms. At the time of the purchase, the land was improved with a house, a barn, some chicken houses, and a double mushroom house.

In 1952, the township enacted a zoning ordinance which classified the entire township "District A," a residential and farming district. Permitted uses include a "mushroom house provided it is located at least 500 feet from the nearest official roadside line and 1000 feet from all other lot boundaries." Since the Eller's mushroom house was 400 feet from the adjacent road and 180 feet from the nearest property line, it constituted a nonconforming use. In 1956, pursuant to a recent amendment to the ordinance, Mr. Eller applied for and obtained a permit to expand his nonconforming use by 100 percent. An additional double mushroom house was immediately constructed.

In 1959, appellee applied for a permit to construct two additional double mushroom houses which would double his then existing facilities. From the refusal of the permit, an appeal was taken to the Board of Adjustment of London Britain Township. After a public hearing, the board affirmed the refusal of the zoning officer to issue the permit. It held that since the special exception to expand, granted in 1956, had exhausted the board's power under the ordinance, Eller's request had to be treated as a petition for a variance. The board held that the owner's burden to sustain the grant of a variance had not been made out.

On appeal to the court of common pleas, appellee, for the first time, challenged the ordinance as an unconstitutional, arbitrary restriction upon the ownership and use of his property. Without taking additional testimony, the court held that the board properly found that Eller had failed to sustain his burden of proof as to the variance. However, the court sus-

tained the constitutional challenge, reversed the board, and directed the issuance of the necessary permit. The board of adjustment appeals.

Appellant board raises two major objections to the decision of the court below. First, it is contended that the court could not properly consider the constitutionality of the zoning ordinance where the question was not raised before the board and where no additional testimony or evidence was requested or presented in that court. Second, the board argues that the ordinance was not arbitrary and confiscatory.

In *Archbishop O'Hara's Appeal,* 389 Pa. 35, 131 A. 2d 587 (1957), the question of the constitutionality of the zoning ordinance had not been raised before either the zoning board or the court, which heard the case de novo. The issue was raised for the first time before the court en banc on appeal from the trial court. Our Court said (at 46-47, 131 A. 2d at 593) : "In limine, we consider whether this section of the ordinance was constitutional. Appellee urges, however, that this question cannot be now considered because appellant did not raise the question in the court below. It is well settled that, as to appellants, 'Matters not raised in, or considered by, the court below cannot be invoked on appeal even though they involve constitutional questions': [citing cases]. That rule, however, is inapplicable in the present situation because the question of constitutionality was raised—albeit tardily—in the lower court, that court sitting en banc fully considered the question and, therefore, the evil sought to be avoided by the rule is non-existent."

Similarly, in the case before us, appellee did not raise the issue of constitutionality before the tribunal taking testimony, but did raise that issue in his petition to the court of common pleas before which the question was fully argued.

Appellant relies upon *Wynnewood Civic Association v. Lower Merion Township Board of Adjustment,* 406 Pa. 413, 179 A. 2d 649 (1962). In that case, not only did the party challenging the ordinance fail to assert its unconstitutionality before the board of adjustment, but that party also failed to raise the issue in its appeal from the board's order. Thus, the *Wynnewood* case is distinguishable.

There is nothing to preclude the court of common pleas from considering the constitutionality of a zoning ordinance without taking additional testimony. This was the procedure in *Di Santo v. Zoning Board of Adjustment,* 410 Pa. 331, 189 A. 2d 135 (1963), where the court decided the issue on the record created before the board.

In the instant case, it is clear that appellee was willing to base his case upon the record made before the board. So also, the court below was satisfied that the record presented a sufficient basis upon which to rest its decision. Had the zoning board considered it necessary, it could have requested that additional testimony be taken. See The Second Class Township Code, May 1, 1933, P. L. 103, §2007(k), added July 10, 1947, P. L. 1481, §47, as amended, 53 P.S. §67007(k) (Supp. 1963). Instead, the board was content to rest its case upon its legal arguments and upon the record as it developed before the board.

Thus, this Court must determine from the record actually before us, not from a hypothetical record which might have been created had additional testimony been taken, whether the court below correctly declared unconstitutional the zoning ordinance provisions in question.

The principles which govern a constitutional attack upon a zoning ordinance once again have been recited in the recent case of *Anstine v. Zoning Board of Adjustment,* 411 Pa. 33, 36-37, 190 A. 2d 712, 714-

15 (1963), from which we quote: "The burden of proving clearly and unmistakably the unconstitutionality of a legislative enactment is upon the person so asserting: Best v. Zoning Board of Adjustment, 393 Pa. 106, 141 A. 2d 606; Archbishop O'Hara's Appeal, 389 Pa. 35, 131 A. 2d 587; Loomis v. Philadelphia School District Board of Education, 376 Pa. 428, 103 A. 2d 769; Flynn v. Horst, 356 Pa. 20, 51 A. 2d 54. Accompanying this burden is the rule that '. . . where the constitutionality of zoning ordinances has been attacked, we have presumed that the municipal [or township] legislative body acted with purpose to serve the public welfare and that all intendments are in favor of their action.' Bilbar Construction Co. v. Easttown Twp. Board of Adjustment, 393 Pa. 62, 71, 141 A. 2d 851; Liggett's Petition, 291 Pa. 109, 139 A. 619; Whitpain Township v. Bodine, 372 Pa. 509, 94 A. 2d 737. The burden of proof in an attack on the constitutionality of a zoning ordinance, although heavy, can be maintained. In Archbishop O'Hara's Appeal, supra (p. 57), quoting from Lord Appeal, 368 Pa. 121, 81 A. 2d 533 and White's Appeal, 287 Pa. 259, 134 A. 409, it was stated (pp. 57, 58): ' " '. . . all property is held in subordination to the right of its reasonable regulation by the government *clearly necessary* to preserve the health, safety or morals (or general welfare) of the people. . . . There is one matter that is quite certain, *the power to thus regulate does not extend to an arbitrary, unnecessary · or unreasonable intermeddling with the private ownership of property, even though such acts be labeled for the preservation of health, safety and general welfare . . .' " '.* In Schmalz v. Buckingham Twp. Zoning Board of Adjustment, 389 Pa. 295, 132 A. 2d 233, the Court held that it was the duty of a court, before which the reasonableness of a zoning ordinance has been questioned, to determine whether that ordinance constituted a valid exercise of the police power. While the courts

are bound to accept the judgment of the legislative body concerning the necessity for zoning classifications, however, the courts may inquire as to whether or not a particular zoning classification bears a substantial relationship to the public health, safety, morals or general welfare. [Citing cases.]" (Italics in the original.)

After careful examination of the record before us, we are in full accord with the court below that the ordinance is arbitrary, confiscatory and a deprivation of property without due process of law. In the words of the court below: "Mathematical calculation of the effect of the limitations of Sec. 24(e) of the Ordinance demonstrates the absurd effect of their application upon a permitted use in an area which is part of the acknowledged mushroom growing center of the world. A set-back of 500 feet from any roadside line and a distance of 1000 feet from any property boundary, (without considering the dimensions of the mushroom house itself,) require that a property be 1500 feet deep from the roadside line to the rear boundary and 2000 feet in width, containing an area of 3,000,000 square feet, or *68.86 acres*. Under those requirements no property containing less than about 69 acres may have even a *single mushroom* house. When the dimensions of a single mushroom house are necessarily calculated in addition thereto the absurdity is more apparent, and when it is considered that not less than three double mushroom houses, each 40 x 60 feet in dimensions, will support a growing operation without economic loss the confiscatory nature of the regulation is clear, amounting to a taking of property without compensation and a violation of due process of law."[1]

_____

[1] As a matter of fact, Appendix A to the board's brief reveals that to comply with the ordinance, a mushroom farm in London Britain Township (3,000,000 square feet) would have to be larger than the entire mushroom growing area in any single nearby township (2,637,000 square feet).

Appellant urges that the constitutional issue was decided below in a vacuum, that the real issue is whether it is unreasonable to prohibit the location of appellee's new mushroom house 100 feet from one property line and 200 feet from another. However, the authority upon which the board necessarily based its decision is the ordinance itself. Therefore, its constitutionality was a proper issue for determination.

We can find in this record no reasonable basis on which to restrict a mushroom house to property of the large dimensions required by the ordinance. There is some testimony which intimates that mushroom farms may, in some instances, give off unpleasant odors or present sanitation problems. Indeed, appellant's brief states, "The mushroom industry is one with special problems which require special regulations." If this be so, let those special regulations be enacted on a reasonable basis rather than as a blanket prohibition. An arbitrary limitation to a farm of 69 acres is clearly unreasonable, especially where it has been demonstrated that a mushroom farm can be properly maintained upon a much smaller tract of land, in appellee's case, 13 acres.

It is our conclusion that the court below, on the record before it, was correct in holding that section 24(e) of the ordinance is unconstitutional.

Order affirmed.

———

DISSENTING OPINION BY MR. JUSTICE COHEN:

I would agree with the conclusion of the majority if *O'Hara* and *Di Santo* sustained the majority's determination that the court below could properly consider the constitutionality of the zoning ordinance where the question was not raised before the board and where no additional evidence was presented in the court. But they do not so hold; nor is *Wynnewood Civic Association* distinguishable from the instant appeal. In

*O'Hara,* additional testimony was taken before the court and the question of constitutionality was raised and properly considered by the court. Hence, since additional testimony was taken in *O'Hara,* we reviewed the action of the court because the issue of constitutionality was raised. We did not review the action of the board where constitutionality was not raised. In *Di Santo* the question of the constitutionality of the ordinance was raised in the proceedings before the board. No additional testimony was taken by the court. We reviewed the action of the board where the question of constitutionality was raised.

*Wynnewood* cannot be distinguished from the situation which is present here. The ordinance was not challenged as to its constitutionality before the board. No testimony was taken in the court below, hence we reviewed the action of the board and did not permit the appeal to proceed on the question of constitutionality and quashed the appeal. It is true that in the instant case constitutionality was argued before the court but no testimony was taken before it. Thus we only review the action of the board where no question of constitutionality was raised. To be consistent, our procedure should require that we remand this action to the board of adjustment so that the parties may have an opportunity to fully present before the board the testimony necessary to enable the lower court and our Court to pass upon the constitutional issue.

I dissent.

Mr. Justice JONES joins in this dissenting opinion.