In Re: Application of Maida Blouch and Media Townhouse Associates for a Curative Amendment to the Zoning Ordinance of Middletown Township Pursuant to Section 609.1 of the Pennsylvania Municipalities Planning Code. Maida Blouch and Media Townhouse Associates, Appellants.

Argued April 7, 1976, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*John W. Wellman,* with him *Steven G. Brown,* and *Fronefield, deFuria and Petrikin,* for appellants.

*Thomas J. Beagan, Jr.,* with him *Timothy B. Barnard,* and *Beagan, Gannon and Barnard,* for appellee.

OPINION BY JUDGE WILKINSON, August 19, 1976:

In 1968, appellant, Maida Blouch, purchased a tract of land approximately 22.35 acres in size and zoned R-1 residential[1] in Middletown Township, Delaware County. Plans were submitted to the Delaware County Planning Commission for development of the parcel as eighteen single family homes, however, development was never undertaken.

Pursuant to township ordinances enacted in 1968, land across the street from the property in question was developed as a 124 unit apartment complex and adjacent land was developed as a 114 unit apartment complex. To the rear of the land in question, pursuant to a Planned Residential District (PRD) ordinance passed in 1970, a development of 72 townhouses and 20 single family homes was constructed.

Appellant Maida Blouch entered into an agreement of sale of the property in question to appellant Media Townhouse Associates[2] contingent on the purchaser being granted permission to construct 145 three bedroom townhouses thereon. On April 8, 1974, as a result

---

[1] R-1 Residential limits development to single family residences, minimum lot size of forty thousand square feet.

[2] A Pennsylvania limited partnership.

of the agreement, appellants filed an application for a curative amendment pursuant to Sections 609.1 and 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10609.1, 11004, challenging the validity of the zoning ordinance and map which restrict the development of townhouses and requesting a curative amendment, changing the zoning of their land to Residential Townhouse District (RTH). The basis for the challenge was that the Township Zoning Ordinance and Zoning Map contains de jure and de facto exclusionary defects in not making reasonable provisions for a fair share of residential townhouse development and, as applied to appellants' property, constituted exclusionary, unconstitutional zoning, resulting in an unreasonable and arbitrary restriction of use and a confiscation without due process of law.

A number of hearings on the application were held[3] and a voluminous record made. On February 17, 1975, the Board of Supervisors denied appellants' application. Appeal was taken to the Delaware County Court of Common Pleas, which without taking any additional evidence, upheld the decision of the Board of Supervisors. This decision is now before us.

Appellants initially contend that Middletown Township has failed to make reasonable provisions for its fair share of townhouse development. The same argument was recently advanced, and rejected, in *Benham v. Board of Supervisors of Middletown Township,* 22 Pa. Commonwealth Ct. 245, 349 A.2d 484 (1975). In the cited case, while reviewing the ordinance now challenged, we determined that a PRD requiring only common ownership of at least fifty acres, even though such a development could be disapproved by the Board

---

[3] Nine hearings were conducted between June 6, 1974 and January 23, 1975. Testimony filled 861 pages and twenty-five exhibits were introduced.

of Supervisors, satisfies the requirement that the township make a reasonable provision for townhouse use as mandated by *Girsh Appeal*, 437 Pa. 237, 263 A.2d 395 (1970). The fact that a nearby landowner was able to, and did, develop 72 townhouses under the PRD ordinance supports the validity of our prior determination.

Next, appellants assert an R-1 residential classification of their land constitutes exclusionary unconstitutional zoning and is an unreasonable and arbitrary restriction and a taking without due process of law. The procedure by which this issue is raised is of doubtful validity. As we noted in *Robin Corporation v. Board of Supervisors of Lower Paxton Township*, 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975), substantive challenges to a zoning ordinance and requests for variances as to a particular piece of property are mutually exclusive remedies. Appellants' initial argument, a substantive challenge to the validity of the ordinance, is not properly joined with his second argument, essentially a request for a variance as to the particular land involved. In order to properly raise a request for a variance, application would have had to be made to the appropriate zoning hearing board, not the governing body as was done here.

Appellants' final argument is that the Board of Supervisors abused their discretion and committed an error of law in permitting the township planning commission to appear as a party protestant and in giving consideration to the evidence offered thereby. We find no merit in this assertion. It is the same procedure followed in *Benham, supra,* without objection, albeit, the intervention of the planning commission came at the Common Pleas level.

Accordingly, we will affirm the order of the court below.

DISSENTING OPINION BY JUDGE BLATT:

For the reasons which I expressed in my dissenting opinion in *Benham v. Board of Supervisors of Middletown Township*, 22 Pa. Commonwealth Ct. 245, 349 A.2d 484 (1975), I must also dissent from the decision reached by the Court here. I believe that the Middletown Township Zoning Ordinance results in a de facto exclusion of townhouse development.