Stuart H. Cutler and Corinne G. Cutler, his wife v. Newtown Township Zoning Hearing Board and Newtown Township Board of Supervisors. Stuart H. Cutler and Corinne G. Cutler, his wife, Appellants.

Argued October 8, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., and WILKINSON, JR., sitting as a panel of three.

*Ward F. Clark,* with him *Pratt, Clark, Gathright & Price,* for appellants.

*C. David Krewson,* with him *Stuckert, Yates & Krewson,* for appellees.

OPINION BY PRESIDENT JUDGE BOWMAN, December 8, 1976:

This is an appeal by Stuart H. Cutler and Corinne G. Cutler, his wife, from an order of the Court of Common Pleas of Bucks County, dated December 19, 1975, affirming the Newtown Township Zoning Hearing Board's (Board) denial of an application for a variance. We will affirm.

On August 8, 1973, the appellants purchased a parcel of land comprising approximately twelve acres in

Newtown Township, Bucks County, Pennsylvania, from one John Woll who retained the remaining ninety-three acres surrounding appellants' property. Prior to the purchase, on July 31, 1973, Mr. Cutler had visited the township zoning officer and was advised that he could not conduct horse shows on his property, zoned R-1, since twenty-five acres of land were required for such use by Section 901.4(f), of the Newtown Township Zoning Ordinance.[1]

Upon occupying the premises in September of 1973, appellants began extensive renovations, including the conversion of a two-story chicken house into a four-unit apartment building. This was done without applying for any zoning or building permits. Some time during October of 1973, the appellants were visited by a zoning officer and were verbally warned to cease work on the project inasmuch as apartments were not permitted in R-1 districts by Section 402.2 of the Ordinance.[2] Appellants nevertheless completed the conversion of the structure and occupied it with

---

[1] The provision reads in pertinent part as follows:
"901.4: FARM REGULATIONS.

. . . .

"f. ... The keeping of horses . . . shall not be permitted on lots less than twenty-five acres in size, except in cases when horses are kept for the private use of the individual property owner."

[2] "402.2 *Use Regulations*

"a. *Uses by Right.* In any R-1 district, a building shall be erected, altered, or used, and a lot or premises shall be used, by right, for only one or more of the following purposes, and for no other.

"(1) Single family detached house.

"(2) Agricultural uses.

"(3) Usual farm buildings and dwellings including tenant house as accessory dwelling.

"(4) Cluster or Planned Residential Development in accordance with the provisions of *Planned Residential Development,* Article 800 of this Ordinance."

Section 804(a) of the ordinance permits apartments in Planned Residential Developments in only R-2 and R-3 districts.

tenants. By a letter dated December 10, 1973, the zoning officer issued a cease and desist order.

On April 1, 1974, appellants appealed the order, such appeal consisting of an application for a variance pursuant to Section 1208 of the ordinance to operate the four apartments.[3] The application was denied. On appeal, the lower court, without taking additional evidence, affirmed. In such a case, the scope of review of this Court is limited to a determination of whether the Board abused its discretion or committed an error of law. *Camaron Apartments, Inc. v. Zoning Board of Adjustment*, 14 Pa. Commonwealth Ct. 571, 324 A.2d 805 (1974).

As noted, the Board had before it only an application for a variance to operate the apartments. However, before both the court below and this Court, the appellants have raised several new issues, including two constitutional attacks on the ordinance. The first question to be resolved is whether these arguments are properly before this Court.

The general rule is that matters not raised before the fact-finding body will not be heard for the first time on appeal. *Sojtori v. Zoning Hearing Board*, 6 Pa. Commonwealth Ct. 552, 296 A.2d 532 (1972) and cases cited therein. However, as pointed out by the court below, this rule has been qualified in variance cases. *Robin Corp. v. Board of Supervisors*, 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975); *National Land & Investment Co. v. Board of Adjustment*, 419 Pa. 504, 215 A.2d 597 (1965); *Eller v. Board of Adjustment*, 414 Pa. 1, 198 A.2d 863 (1964). Within the guidelines of these cases, the appellants' arguments may be tested.

---

[3] Section 1208 of the ordinance is, in all respects relevant to this case, identical to Section 912 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31. 1968, P.L. 805, *as amended*, 53 P.S. §10912.

The appellants first assert that Section 901.4(f) of the ordinance, which requires a minimum of twenty-five acres for the keeping of horses for other than the private use of the landowner, is invalid on its face as a confiscatory deprivation of their property without just compensation. We must conclude that this issue is not properly before us. *National Land, Eller* and *Robin, supra,* do not provide to one who requests a variance an unlimited right to raise new issues on appeal. The rationale behind the allowance of new constitutional arguments on appeal is that a variance application "implies a challenge to the legality of the zoning ordinance as it applies to a specific piece of property." *National Land, supra,* at 511, 215 A.2d at 602. Where, as here, appellants have requested only a variance to operate apartments, it stretches the imagination to conclude that this application "implies" an attack on a wholly separate provision of the ordinance regarding acreage requirements for the keeping of horses. The issue has not been properly raised. *See Board of Commissioners v. Beho Development Co.,* 16 Pa. Commonwealth Ct. 448, 332 A.2d 848 (1975); *Shuttle Development Corp. v. Township of Upper Dublin,* 19 Pa. Commonwealth Ct. 510, 338 A.2d 777 (1975). Moreover, even if a variance to operate horse shows and a breeding farm had been applied for, this challenge to the ordinance would not be properly before us. Section 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004, on "substantive challenges," and Section 912 of the MPC, 53 P.S. §10912, on requests for variances, provide for *mutually exclusive remedies. Robin, supra.* An application for a variance is proper only where unique physical circumstances or conditions, such as topography, create the hardship by the strict application of the ordinance, whereas the request for a curative

amendment pursuant to Section 1004 is the proper remedy when the alleged confiscation does not result from unique circumstances or when a variance is not otherwise properly available. *Robin, supra.* Even though cast in the terms of an underlying variance claim, appellants' argument that Section 901.4(f) is "per se unconstitutional" is a classic example of a challenge which must be made pursuant to one of the procedures set forth in Section 1004 of the MPC. It seeks to void the application of the provision throughout the whole township and it does not arise from any unique circumstances or conditions of the appellants' land.[4]

We are in agreement with the opinion of the court below as to the merits of the challenge to Section 901.4 (f) of the ordinance. Appellants had the burden of overcoming the presumption of constitutionality. *Ellick v. Board of Supervisors,* 17 Pa. Commonwealth Ct. 404, 333 A.2d 239 (1975). Section 901.4 is not unconstitutional on its face. Appellants produced no evidence that they were deprived of all reasonable use of their property. Nor, in the alternative, did they produce any evidence that the provision was not rationally related to the public health, safety, or general welfare. Had it been called upon to do so, the township may well have established that rational relationship.

---

[4] It is to be noted that in *National Land* and *Eller, supra,* the Pennsylvania Supreme Court did not require that an appellant show an underlying unique hardship arising from physical conditions or circumstances of the property in order to be permitted to raise a confiscation argument for the first time on appeal. As is clear from the opinion in *Robin, supra,* the 1972 amendments to the MPC, particularly as regards Section 1004, have modified *National Land* and *Eller* to the extent that uniqueness of the hardship to the appellants' property due to physical conditions must be shown before constitutional arguments can be raised for the first time on the appeal of a denial of a variance.

Appellants' second contention is that the failure of Section 402.2 of the ordinance to permit apartments in the R-1 district is unconstitutional. Although phrased in terms of confiscation, appellants' argument is obviously based on an allegation of exclusionary zoning, as all of the cases cited by appellants are exclusionary zoning cases.

Were we to reach the merits of this claim, we would agree with the court below that appellants failed to meet the burden of overcoming the ordinance's presumption of validity. Only if the individual challenging the ordinance proves a *total prohibition* of an otherwise lawful use does the burden shift to the municipality to prove that such prohibition is reasonably related to the public health, safety and general welfare. *Beaver Gasoline Co. v. Osborne Borough,* 445 Pa. 571, 285 A.2d 501 (1971); *Ellick, supra.* In the present case, Section 804(a) of the ordinance does provide for apartment use in Planned Residential Developments (PRD) in R-2 and R-3 districts. The allegation of de jure exclusion is rebuffed by the provision for PRDs in the ordinance. *In re: Application of Maida Blouch,* 26 Pa. Commonwealth Ct. 147, 362 A.2d 1139 (1976); *Benham v. Board of Supervisors,* 22 Pa. Commonwealth Ct. 245, 349 A.2d 484 (1975). Thus, as the ordinance on its face permits the apartment use, the burden did not shift to the township and appellants were required to demonstrate that the ordinance, as applied, effectively prohibits such use, *Benham, supra,* or that it fails to provide for the township's acceptance of its "fair share" of this type of housing. *Willistown Township v. Chesterdale Farms, Inc.,* 7 Pa. Commonwealth Ct. 453, 300 A.2d 107 (1973). The appellants made no effort to meet this burden.

However, it is the opinion of this Court that appellants' claim of exclusionary zoning is not properly

before us. As discussed with regard to appellants' first constitutional challenge, the opinion of this Court in *Robin, supra,* makes it clear that new constitutional arguments can be raised on appeal from a denial of a variance only where the alleged confiscation is due to unique physical conditions of the landowner's property such as would lend support to a variance claim. Here, regardless of how it is phrased, the appellants have made a municipality-wide allegation of exclusionary zoning. A request for a curative amendment under Sections 1004 and 609.1 of the MPC is the proper procedure by which to challenge a whole ordinance as being exclusionary. *Robin, supra; Kaufman & Broad Inc. v. Board of Supervisors,* 20 Pa. Commonwealth Ct. 116, 119 n. 1, 340 A.2d 909, 910 n. 1 (1975); *Board of Commissioners v. Beho Development Corp., supra.*

Appellants' third argument is that the proposed use of the four apartments was a permissive use under Section 402.2(a)(3) of the ordinance in that it constitutes ''an accessory building'' and ''an accessory use'' as defined by Section 302.2 and Section 302.4(a) and (b).

This issue was also raised for the first time on appeal to the court below. Because it was fully argued before the court and the existing record provided a sufficient basis upon which to consider it, the court below decided the issue on the merits. Even though appellee has not so argued before this Court, we conclude that this issue was not properly raised before the lower court. The issue does not, of course, fall within the already discussed exception for new constitutional arguments based upon an underlying variance claim. Where an appellate court is reviewing a decision of a zoning hearing board for an abuse of discretion or error of law, it would be neither fair to the Board nor conducive to the proper functioning of the system of appellate review for that court to re-

verse the Board's determination on an issue upon which it received no evidence and had no opportunity to decide. After a review of the record, we conclude that this issue falls within the general prohibition of raising new matters on appeal. *See Upper Providence Township Appeal,* 407 Pa. 20, 179 A.2d 194 (1962); *Sojtori v. Zoning Hearing Board, supra.*

Inasmuch as the court below did consider the merits of the accessory use argument, it is not inappropriate that we stop to note our agreement on the subject. The lower court correctly concluded that the leasing of the apartments to the general public is not accessory to any principal agricultural use and that it exceeded the density limitations of Section 901.4(c) of the ordinance.[5] Moreover, in its brief before this Court, the appellant has predicated its accessory use argument on the assumption that Section 901.4(f) is unconstitutional and that the appellants may, therefore, operate a horse ranch, in which case the housing of employees would be an accessory use. As the Court has already decided against appellants as to the constitutionality of Section 901.4(f), this argument collapses of its own accord.

The final issue to be resolved, and the only issue which this Court considers to be properly before it, is whether the Zoning Hearing Board committed an error of law or abused its discretion in denying the variance for the operation of the apartments. The applicable law is:

Variances should be granted sparingly and only under exceptional circumstances. In order to establish a right to a variance, an applicant must prove (1) unnecessary hardship which is unique or

---

[5] Section 901.4(c) limits the allowable density of dwellings on farms to one single-family dwelling per ten acres. This is, of course, exceeded by the location of the appellants' home and the four apartments on a twelve-acre farm.

peculiar to the applicant's property as distinguished from the hardship arising from the impact of the zoning ordinance or regulations on the entire district or even to hardship on the owner of the property. . . . Next, a variance will not be granted solely because the petitioner will suffer economic hardship if he does not receive a variance. Lastly, a variance will not be granted to the applicant where he knew of the existing zoning regulations and the problems bringing about the hardship, or should have known them, at the time he purchased the property.

*Levin v. Zoning Hearing Board*, 11 Pa. Commonwealth Ct. 452, 457-8, 314 A.2d 579, 582 (1974). (Citations omitted.)

The record in this case discloses that Mr. Cutler purchased a copy of the zoning ordinance before settlement on the property; that he was not unfamiliar with the need to acquire zoning and building permits on building projects; that despite a verbal warning and a cease and desist order, he completed the apartments and proceeded to lease them to the general public; that he failed to produce any evidence that the property, as distinguished from himself, suffered any unique hardship, or that it could not reasonably be used in conformance with the zoning ordinance. The hardship is economic and self-inflicted. The Board properly denied the variance application.

### Order

Now, this 8th day of December, 1976, for the reasons set forth in the foregoing opinion, the order of the Court of Common Pleas of Bucks County, dated December 19, 1975, which affirmed the denial of a variance to Stuart H. Cutler and Corinne G. Cutler, his wife, is affirmed.