Ralph J. Fazio and Mary G. Fazio, Appellants *v.* The Zoning Hearing Board of East Marlborough Township, Appellee.

Argued October 3, 1977, before Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of two.

*Randy L. Sebastian,* with him *William J. Gallagher,* and *MacElree, Harvey, Gallagher & Kean, Ltd.,* for appellants.

*John S. Halstead,* with him *Gawthrop & Greenwood,* for appellee.

OPINION BY JUDGE WILKINSON, JR., October 26, 1977:

This is an appeal from a decision by the Court of Common Pleas of Chester County affirming the denial of a variance or special exception by the Zoning Hearing Board (Board) of East Marlborough Township (Township).

Appellants are the owners of an 8.9 acre tract in the Township where they have grown mushrooms for sale since 1927. In 1960 the Township enacted a zoning ordinance which permitted mushroom plants to be located in the Township. Section 305 of the Township Zoning Ordinance provides in relevant part:

*Special Regulations Concerning Mushroom Plants.* Mushroom plants may be located in East Marlborough Township subject to the following regulations:

1. *Front Yard.* There shall be a front yard on each street on which a lot abuts, the depth of which shall be at least two hundred and fifty (250) feet, measured from the center line of the

right of way to the nearest point of any part of the mushroom plant including the wharf.

2. *Side and Back Yards.* Any mushroom plant shall be located at least one hundred (100) feet from all property lines.

At the time, appellants had mushroom houses abutting Street Road which constituted a non-conforming use in that they were located 70 feet from the center line of the road. On July 11, 1972 appellants filed applications on forms captioned "special exception or variance" to construct an addition to the existing mushroom house, also 70 feet from Street Road and 136 feet from the middle of Northbrook Road and a soil shed adjacent to the new mushroom house 116 feet from the center of Northbrook Road and 140 feet from the center of Street Road. A hearing was held August 14, 1972 where appellant appeared with his counsel and testified as well as several citizens who testified in opposition.

Thereafter ensued a procedural nightmare. On September 19, 1972[1] the Board met in special session and issued a summary decision without opinion denying appellants' request. However, apparently unknown to the Board, attorneys for the Township and the appellants had at about the same time signed an undated stipulation which purported to waive the 45-day requirement for rendering Board decisions from the date of hearing and to give the Board "an additional seven (7) says (sic), until October 2, 1972 to file an order...." The stipulation, however, contained an inherent inconsistency in that seven days after the 45-day period, which ended on September 28, 1972, would have been October 5, 1972. The Board rendered an order and opinion denying a variance October 5,

[1] The decision was apparently misdated August 19, 1972 according to the Board and reflects a meeting held September 19, 1972.

1972. Appellants received notice of this decision October 31, 1972 and thereafter filed an appeal with the Chester County Court of Common Pleas. The court rendered a decision on December 14, 1973 which remanded the matter to the Board ordering that an additional hearing be held within 30 days and a supplemental decision[2] to be returned to the court within 60 days. The hearing was not held within the time stipulated.[3] A belated hearing was held March 24, 1975 (which appellant unsuccessfully sought to enjoin) wherein appellant took the position it was not timely held and therefore improper and refused to participate. The Board rendered a decision based on that hearing August 26, 1975 denying a special exception and finding the ordinance constitutional. The decision was returned to the court on November 25, 1975. On November 22, 1976 the court affirmed the decision of the Board.

From this tortured history, appellants have raised a number of objections which we will consider *seriatim*.

## I

Appellants contend they are entitled to a decision in their favor by reason of Section 908(9) of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10908(9), because the Board failed to render a decision within 45

---

[2] The Board was ordered to consider four questions or matters: 1) to supply certain exhibits including the Township ordinance; 2) to consider the constitutionality of the ordinance pursuant to Section 910 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10910; 3) to hear additional evidence concerning the stipulation and decision of the Board; and 4) to consider whether or not the appellants were entitled to a special exception as a valid extension of an existing nonconformity.

[3] The record does not explain why the Board failed to learn of the order until almost a year had passed.

days after the last hearing before the Board. That hearing was held August 14, 1972 and the 45 days ended September 28, 1972. (We note this section also permits the parties to waive this period by a stipulation in writing.) Conceding the genuineness of the stipulation waiving the September 28, 1972 deadline, appellants contend the October 2, 1972 date is the operative extension of the deadline rather than the seven days or October 5, 1972 date. We find this argument not persuasive since the record indicates appellants' attorney expressly states in a letter to the Township's solicitor accompanying the stipulation that "an additional seven (7) days" was granted for the Board to file an order. This letter is in the record as exhibit B10. Appellants have thus resolved the ambiguity against themselves and accordingly we find the Board made a timely decision by its order of October 5, 1972.

## II

The appellants next contend that the failure of the Board to meet the time requirements specified in the Court order for a supplemental hearing and additional findings should result in a decision in their favor. The Code makes no such provision. At the court of common pleas level appellants had other procedural remedies available to enforce the court order either by mandamus or contempt action. However, as noted by Judge PITT in the court below, appellants were aware of the court order for 15 months and did nothing to enforce it.

## III

Appellants next contend that the Township Zoning Ordinance is unconstitutional in that it purports to require greater setback distances for buildings of mushroom plants or farms than any other kinds of buildings. Since neither appellants nor the Township pre-

sented any evidence on the issue of the constitutionality of the setback requirements our review is limited to whether the regulation is invalid on its face. Appellants rely on *Eller v. Board of Adjustment*, 414 Pa. 1, 198 A.2d 863 (1964), where our Supreme Court in an almost identical factual setting found setback requirements of 500 feet and 1000 feet arbitrary and unreasonable and constituted a taking of property without due process of law. In our view, however, we do not believe the decision in *Eller* requires a similar result here.

The mushroom grower in *Eller* whose mushroom house was located 400 feet from the road and 180 feet from the nearest property line would have easily met the 250 and 100 feet setback requirements of the East Marlborough Township Ordinance. As noted in *Eller* the burden of proving the unconstitutionality of a legislative enactment is on the party so asserting. In regard to zoning classifications this Court has said such enactments are largely a matter of legislative judgment and this function should not be interfered with unless it is obvious the classification has no substantial relationship to public health, safety, morals or general welfare. *Appeal of Mobil Oil Co.*, 21 Pa. Commonwealth Ct. 295, 345 A.2d 313 (1975). Absent any evidence in the record to the contrary, we cannot say the regulation here is so restrictive it presents an unreasonable and arbitrary classification. Mushroom plants are not totally excluded in the Township by reason of the regulation. Rather, mathematical calculations show that a conforming mushroom plant could be located on a four acre-tract in the Township, compared to the 68 minimum acres required in *Eller, supra*. As the court noted in *Eller*, the mushroom industry, in particular the composting operation, is one that may require special regulation. Absent any evidence ex-

plaining appellants' position as to these particular setback requirements, we cannot say the regulation is on its face arbitrary and unreasonable.

## IV

Appellants finally contend they should have been granted a special exception for the two buildings as an extension of an existing non-conforming use. Although the Board initially denied appellants' request on the ground the application was for a variance, in its supplemental decision it also denied the application as a special exception based on the conditions contained in Section 603.5 of the ordinance. Ordinarily, once an applicant for a special exception shows that the proposed use is permitted, the burden shifts to the opponent of the exception to show the use would not violate the health, safety or welfare of the community. *B & B Shoe Products Co. v. Zoning Hearing Board*, 28 Pa. Commonwealth Ct. 475, 368 A.2d 1332 (1977). But this rule is viewed in the light of the policy of the law to restrict closely such non-conforming uses and to strictly construe provisions which provide for their continuance. *Hauser v. Borough of Catasauqua Zoning Hearing Board*, 20 Pa. Commonwealth Ct. 313, 341 A.2d 566 (1975). Thus, it is clear that the mere showing of an existing non-conforming use does not automatically entitle appellants to a special exception. *Altemose Construction Co. v. Zoning Hearing Board*, 3 Pa. Commonwealth Ct. 328, 281 A.2d 781 (1971). Had appellants sought only to extend non-conforming setback on Street Road we would have precisely the question we left unanswered in *Altemose*. However, appellants building plans show both buildings would have created an entirely new non-conforming setback with respect to Northbrook Road and thus falls squarely within the rule in *Altemose, supra,* that a non-con-

forming setback involving greater encroachment may properly be denied.

Although the party seeking a special exception does not have to show undue hardship as in the granting of a variance, we believe the foregoing indicates the Board may deny a special exception upon a finding of increased encroachment or surrounding circumstances. In its findings the Board took note of the protests of residents who objected to appellants' mushroom operations being conducted so close to public roads and the availability of other sites on appellants' land where the buildings could be constructed in conformance with the setback regulation. Thus we believe the Board did not abuse its discretion in denying the exception.

Accordingly, we will enter the following

ORDER

Now, October 26, 1977, the decision of the Court of Common Pleas of Chester County, No. 201, dated November 22, 1976 is hereby affirmed.