Appeal of American Medical Centers, Inc. and Charles H. Dager, t/a Springhouse Co., From the Decision of the Zoning Hearing Board of Lower Gwynedd Township.

American Medical Centers, Inc. and Charles H. Dager, t/a Springhouse Co., Appellants.

574

Argued October 10, 1980, before Judges ROGERS, MACPHAIL and PALLADINO, sitting as a panel of three.

*Cassin W. Craig*, with him *Harris F. Goldich*, and, of counsel, *Wisler, Pearlstine, Talone, Craig & Garrity*, for appellants.

*John P. Knox*, with him *Jeremiah J. Cardamone*, and *Richard T. Abell, Timoney, Knox, Hasson & Weand*, for appellees.

OPINION BY JUDGE ROGERS, November 18, 1980:

American Medical Centers, Inc. and Charles H. Dager, respectively the equitable and legal owners of a parcel of land in Lower Gwynedd Township, have petitioned for review of an order of the Court of Common Pleas of Montgomery County affirming the township Zoning Hearing Board's (Board) denial of their application for a variance.

American Medical Centers desires to build a nursing home on a 5.5 acre parcel of land which it has conditionally agreed to purchase from Dager. The township zoning ordinance permits nursing homes only by special exception and only on parcels containing at least 20 acres. American Medical Centers and Dager sought to obtain a variance from the 20 acre lot size requirement. At the hearing before the Board, Dager testified that certain characteristics of the property, including a slope and the presence of a flood plain, and the proximity of the lot to commercial uses on adjacent properties made residential development, permitted by right under the zoning ordinance, impractical. The Board, noting that Dager was not without self-interest and that no supporting evidence of unnecessary hardship had been presented, denied the variance. It found that one or more residential units could be built on the site and that Dager had offered no evidence other than his opinion that such units would be unmarketable. The Board further found that the adjacent commercial uses, which were said to make residential development inappropriate, had been built by or on land purchased from Dager and that any resulting hardship was self-inflicted.

On appeal to the Common Pleas Court additional evidence was introduced. The court en banc visited the property and affirmed the action of the Board.

Appellants advance two arguments on this appeal. First, it is contended that the zoning ordinance lot size requirement of twenty acres for a nursing home use is unreasonably large and, therefore, confiscatory. This of course challenged the substantive valadity of the ordinance on constitutional grounds. *Cf. Concord Township Appeal,* 439 Pa. 466, 268 A.2d 765 (1970); *National Land and Investment Co. v. Easttown Township Board of Adjustment,* 419 Pa. 504, 215 A.2d 597 (1965). This argument was not presented to the Board. The

zoning application, in the form of a letter of the appellant's counsel, contains no assertion of any substantive infirmity in the ordinance concerning lot size requirements or otherwise. At the hearing before the Board the arguments and evidence presented related only to asserted unnecessary hardship resulting from the application of the zoning regulations to this 5.5 acre lot. As we first declared in *Robin Corp. v. Board of Supervisors of Lower Paxton Township,* 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975), and have consistently held since, challenges on constitutional grounds to the substantive validity of provisions of the zoning ordinance as they affect all property must be pursued by the procedures set forth in Section 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of June 1, 1972, P.L. 333, *as amended,* 53 P.S. §11004, not by a request for a variance. *Hankin v. Zoning Hearing Board of West Norriton Township,* 35 Pa. Commonwealth Ct. 164, 384 A.2d 1386 (1978); *see also Cutler v. Newtown Township Zoning Hearing Board,* 27 Pa. Commonwealth Ct. 430, 367 A.2d 772 (1976); *McCandless Township v. Beho Development Company,* 16 Pa. Commonwealth Ct. 448, 332 A.2d 848 (1975). Appellants' constitutional argument must therefore be rejected as improvidently raised. *Sojtori v. Zoning Hearing Board,* 6 Pa. Commonwealth Ct. 552, 296 A.2d 532 (1972).

Appellants' reliance on *Eller v. Board of Adjustment,* 414 Pa. 1, 198 A.2d 863 (1964), and *Fazio v. Zoning Hearing Board of Marlborough Township,* 32 Pa. Commonwealth Ct. 243, 378 A.2d 1299 (1977), *cert. denied,* 439 U.S. 827 (1978) to show that constitutional arguments may be raised for the first time on appeal is misplaced. *Eller* involved procedural possibilities before the enactment of Section 1004 of the MPC and, we have held, is no longer controlling on this issue. *Phelan v. Zoning Hearing Board of Lower Merion*

*Township,* 19 Pa. Commonwealth Ct. 63, 339 A.2d 612 (1975). In *Fazio,* which we described as a "procedural nightmare", the zoning board was ordered on remand from the common pleas court to consider the constitutionality of the challenged ordinance. *Supra,* at 247 n. 2, 378 A.2d at 1301 n. 2. There is no indication that an appeal from that order was ever taken or that it was argued thereafter that the constitutional challenge was procedurally defective.

This leaves for our resolution whether the Board and the Common Pleas Court erred in refusing to grant a traditional variance from the lot size requirement. It is well established that such a variance is justified only by the unnecessary hardship that results when physical characteristics peculiar to the property or incompatible neighboring uses make permitted development physically impossible or economically infeasible. *See, e.g., Peirce v. Zoning Board of Adjustment,* 410 Pa. 262, 189 A.2d 138 (1963) (residentially zoned lot surrounded by sewage pumping station, chemical plant, industrial highway, and industrial equipment storage yard), *Borough of Emmaus v. Schuler,* 48 Pa. Commonwealth Ct. 100, 409 A.2d 444 (1979) (small, irregularly shaped lot). The burden of proof on the landowner in such cases is a heavy one and, especially when authorizing a commercial use in a residential district, variances must not be generously granted. *McKay v. Board of Adjustment,* 8 Pa. Commonwealth Ct. 29, 300 A.2d 810 (1973).

The only evidence of unnecessary hardship in the present case is a description by Dager of commercial uses in the area and the topography of the site and his unsupported opinion that residential development of the property would not be desirable. There was no evidence that residential buildings could not be placed on the lot or that it has no value, or only a distress value, as zoned. Indeed, the suggestion that topographical

characteristics of the lot are obstacles to residential development is belied by the testimony of appellants' engineer that the proposed nursing home could be built on the site without extensive grading or filling. Moreover, it is clear from the evidence that some nearby property is currently devoted to residential uses and that further residential development is contemplated on property adjacent to this lot.

We have held that an applicant cannot carry his burden of proving the unnecessary hardship by "merely offering his personal opinion that a single-family home would not be marketable." *Upper Moreland Township Board of Commissioners v. Zoning Board*, 25 Pa. Commonwealth Ct. 626, 631, 361 A.2d 455, 458 (1976); *Accord Avonzato Appeal*, 44 Pa. Commonwealth Ct. 77, 403 A.2d 198 (1979). This variance application was properly denied.

Order affirmed.

ORDER

AND Now, this 18th day of November, 1980, the decision of the Court of Common Pleas of Montgomery County affirming the action of the Zoning Hearing Board of Lower Gwynedd Township is hereby affirmed.