Appeal of Marshall Nortum, a member of the Police Force of the Borough of Johnsonburg, County of Elk, State of Pennsylvania. Borough of Johnsonburg, Appellant.

Submitted on briefs May 5, 1982, to Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Vernon D. Roof,* for appellant.

*Norbert J. Powell, Brahaney & Powell,* for appellee, Marshall Nortum.

OPINION BY JUDGE CRAIG, May 27, 1982:

In this civil service appeal, the Borough of Johnsonburg questions an order by the common pleas court vacating a five-day suspension imposed upon police officer Marshall Nortum for neglect of duty, striking the suspension from the officer's personnel record, and ordering full wage reimbursement for the period.

Notified by a letter from the mayor dated December 10, 1980 of the charges and penalty, the officer, through his attorney, requested a hearing before the Police Civil Service Commission by letter dated December 12, 1980 to the mayor, with copies to the president of the borough council and the police chief. Although originally scheduled for December 24, 1980, the hearing did not actually take place until April 6, 1981, when the commission upheld the five-day suspension.

The borough first contends that the certified letter sent to the mayor was not a proper request for a hearing under Section 1191 of the Borough Code,[1] which requires that "the demand [for a hearing] shall be made to the commission."

As this court stated in *Mawn v. Civil Service Commission,* 17 Pa. Commonwealth Ct. 9, 330 A.2d 271 (1975): "The Civil Service Act[2] is remedial legislation designed to protect public employees in employment and promotion, and the procedures established to im-

---

[1] Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46191 states: "If the person suspended, removed or reduced in rank shall demand a hearing by the commission, the demand shall be made to the commission."

[2] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.3.

plement that purpose should be liberally construed.''
Because the facts here clearly indicate that the officer
was successful in communicating his desire to question
the police department's disciplinary action in the for-
mal civil service setting, the addressing of the request
became immaterial.

The borough primarily challenges, however, the
lower court's rationale for overturning the commis-
sion's decision, that the commission hearing was not
held within the statutorily mandated ten-day period.[3]

The record clearly reveals that, despite the offi-
cer's prompt request for a hearing, the initial hearing
date was scheduled for December 24, which was later
than ten days after the December 10 notice of charges
against him.

By ordering the suspension to be "voided," how-
ever, the common pleas court assumed that the failure
to comply with the statutory time period resulted in
mandating a decision favorable to the officer.

The pivotal issue, therefore, is: Where a civil ser-
vice commission fails to hold a hearing within ten days
of the notice of charges, does such a delay mandate a
decision in favor of the appellant employee?

The Borough Code section is silent as to the con-
sequences of a commission's failure to hold a hearing
within the ten-day period, unlike, for example, Section
908(9) of the Pennsylvania Municipalities Planning
Code (MPC),[4] which provides that a zoning board's
failure to hold a hearing within sixty days from the
date of an applicant's request for a hearing results in

---

[3] 53 P.S. §46191 also states: "The commission shall grant [the
person suspended] a hearing which shall be held within a period of
ten days from the filing of charges in writing, unless continued by
the commission for cause at the request of the counsel or the ac-
cused."

[4] Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §10908(9).

a deemed decision in favor of that applicant unless the applicant has agreed in writing to an extension of time.

In comparing the deemed decision language of Section 908(9) of the MPC to Section 1004(2)(f), which mandates a hearing within sixty days where a landowner takes a general validity challenge to the zoning board, but does not contain deemed approval language, we held in *Beekhuis v. Zoning Hearing Board of Middletown Township,* 59 Pa. Commonwealth Ct. 307, 316, 429 A.2d 1231, 1236 (1981), that the absence of such a provision precludes a positive ruling on a deemed approval, stating:

> [T]here must be an express legislative declaration of deemed approval in the statutory or ordinance provision in order to have such a substantive result produced by procedural tardiness. See Hopewell Township v. Wilson, 46 Pa. Commonwealth Ct. 425, 406 A.2d 610 (1979); Fazio v. Zoning Hearing Board of Marlborough Township, 32 Pa. Commonwealth Ct. 243, 378 A.2d 1299 (1977).

Absent specific statutory expression of a "deemed" decision, therefore, the officer's sole remedy for delay under the civil service law would be a mandamus action against the commission to compel compliance with the prompt hearing requirement.

We note that the officer's counsel agreed, in writing, to postpone the date further into the month of February, and finally, to April. Although the attorney, by written statement, wisely "reserv[ed] the right to object to the hearing held outside the statutory limits . . . ," his objection, even though thus reserved, cannot give the statute an effect not conferred by the legislature.

Accordingly, we reverse and remand for consideration of the merits of the officer's appeal.

22

## ORDER

Now, May 27, 1982, the order of the Court of Common Pleas of the Fifty-Ninth Judicial District, County Branch Elk, No. 81-582, dated July 8, 1981, is reversed, and this case is remanded to the common pleas court for consideration of the merits.