Chetwynd Associates, A Limited Partnership, Appellant *v.* Township of Radnor, Appellee.

Argued October 9, 1975, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Reese A. Davis,* with him *Greenwell, Porter, Smaltz & Royal,* for appellant.

*Eugene H. Evans,* with him *Fronefield, DeFuria and Petrikin,* for appellee.

OPINION BY JUDGE WILKINSON, November 3, 1975:

This is an appeal from an order of the Court of Common Pleas of Delaware County in a zoning matter. The order affirmed the decision of the Board of Adjustment which disapproved appellant's application for a development plan which would have given appellant permission to erect multi-dwellings containing 106 units on an 8.8 acre tract in appellee Township.

Appellant bases its appeal on the assertion that the 8.8 acre tract is available for this purpose because it had been severed from a larger tract of 28.3 acres by the grant of a variance in 1966. In 1966, an application had been made to grant a variance so that the 28.3 acre tract could have the 8.8 acres here involved separated from the larger tract to have a 204-bed nursing home built thereon. This would necessarily have left the balance of the 28.3 acres, *i.e.,* a tract of 19.5 acres, remaining with an apartment building erected thereon.

The variance for which application was made in 1966 was not granted as requested but was granted to the extent of permitting the 8.8 acres to be severed and thereby make them available for a 115-bed nursing unit to be built thereon. Any possible doubt that the variance was for this specific purpose was removed by the final sentence of the order which read:

"The Building Inspector is therefore accordingly ordered to issue a Certificate of Occupancy for a nursing home on the 8.8 acre tract having not more than 115 beds in accordance with the provision of Sec. 1001-7 and Sec. 403-6."

However, the applicant for this variance in 1966 did not see fit to proceed with the 115-bed nursing home and did

not secure the permit within six months as required by paragraph 135-122 of the Zoning Ordinance which provides:

> "Unless otherwise specified by the Zoning Hearing Board, a special exception or variance which has been authorized by the Zoning Hearing Board shall expire if the applicant fails to obtain a building or use permit within six (6) months from the date of authorization thereof or fails to commence a substantial amount of work within six (6) months from the date of issuance of the permit for such work."

It is appellant's position that the 1966 order, while a nullity as relating to the variance granted to build a 115-bed nursing home on the 8.8 acre severed tract, nevertheless was valid in regard to permitting the apartment house to remain on the 19.5 acre tract, since this did not require a building permit. We cannot agree and must affirm the lower court.

It was agreed at oral argument that the opinion of the Board of Adjustment, filed on September 26, 1966, was accurate when it stated that that application was for permission to build on this 8.8 acre tract. The permission for the apartment house to remain on the 19.5 acre tract was merely incidental to that request, and when that request failed by the expiration of six months, the entire tract of 28.3 acres remained in the position in which it was found, vis-a-vis zoning, prior to 1966 application.

Affirmed.