Inn Management Services, Inc., d/b/a Family Pub Restaurant, a Corporation and Dominic Palombo v. Township of Upper St. Clair et al. Township of Upper St. Clair, Appellant.

Argued May 5, 1980, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Robert N. Hackett,* with him *Joan P. Feldman, Baskin & Sears,* for appellants.

*John P. Papuga,* with him *William J. Staley, Tucker, Arensberg, Very & Ferguson,* for appellee.

Opinion by Judge Rogers, June 5, 1980:

The Township of Upper St. Clair and its zoning administrator have appealed from an order of the Court of Common Pleas of Allegheny County directing them to issue a zoning certificate to Inn Management Services, Inc. and Dominic Palombo.

Palombo is the owner of a parcel of land located in Upper St. Clair Township. In May 1976, he entered into an agreement to lease his land to Inn Management Services which wanted to construct and operate a restaurant. Inn Management Services obtained an option to purchase a liquor license, which it believed was necessary for a successful operation and, with Palombo, applied to the township for zoning approval of the proposed restaurant. The township authorities refused to approve the application and the Zoning Hearing Board of the Township affirmed their action. The appellees appealed the Zoning Hearing Board's action to the Court of Common Pleas but did not pursue that matter further. Instead, in March 1977 they filed a complaint in mandamus in the Court of Common Pleas seeking an order requiring the township to grant zoning approval of the restaurant. On June 27, 1977, on the plaintiffs' motion for judgment on the pleadings the court entered judgment for the

plaintiffs and directed the township and its zoning administrator to give zoning approval. The township granted zoning approval on October 7, 1977 and asked the appellees to submit the site and construction plans necessary for the issuance of a building permit. Inn Management Services, however, abandoned the project in the fall of 1977 because its option to purchase a liquor license had expired on May 31, 1977 and it was unable to obtain a license elsewhere. No site or construction plans were ever submitted.

Subsection 130-36-G of the township zoning ordinance provides that if work described in an application for zoning approval has not begun within six months from the date of issuance, the approval shall expire and it shall be cancelled by the zoning administrator with written notice to persons affected. The zoning approval in this case granted on October 7, 1977 was therefore subject to cancellation after April 7, 1978.

On May 5, 1978, Palombo entered into a lease with R&K Properties, for the latter to build and operate a fast food restaurant on his land. The record contains no communication or evidence of one from Palombo to the township concerning his new lessee until August 17, 1978. On August 29, 1978, the zoning administrator wrote to Inn Management Services and Palombo, notifying them that their zoning approval for the proposed restaurant had expired and was cancelled because work had not begun within six months after October 7, 1977 as required by Subsection 130-36-G of the Township Code. On or about October 30, 1978 Palombo alone filed a petition in the Court of Common Pleas to the docket number of the mandamus suit, for a rule on the township to show cause why that court's order of June 27, 1977 should not be enforced in favor of R&K Properties and Palombo without further application to the township for zoning ap-

proval. Palombo proceeded in this fashion because the township zoning ordinance had been amended in November 1976, a date, it is noted, long before the mandamus action was instituted, to provide that no new restaurant should be established at a distance closer than 400 feet from an existing restaurant, a condition which disqualified Palombo's land because of the presence of a restaurant about 300 feet away. This provision was not pressed by the township as a bar to Inn Management Services' and Palombo's original application in the lawsuit, possibly because that application was pending when the amendment was enacted.

Palombo's petition for the rule to show cause described his arrangements with Inn Management Services, that company's decision to abandon its restaurant project and the later agreement with R&K Properties and its plan to establish a fast food enterprise on his land. The relief requested was that the court's order of June 27, 1977 which, it will be remembered, provided that Palombo and Inn Management Services should be given zoning approval of Inn Management Services' restaurant, should be enforced by requiring the Upper St. Clair Township zoning officials to permit R&K Properties to construct its fast food restaurant. The hearing judge on June 21, 1979 entered an order on the township to issue plaintiffs, which of course still remained Palombo and Inn Management Services, a zoning certificate which should remain in effect for an additional six months. It is this order which is appealed from.

The applicable law is the township's zoning regulations. The first order in this matter, that of June 27, 1977, required the township to issue zoning approval to Inn Management Services and Palombo. This order was complied with in October 1977, a delay which is unexplained but not a subject of particular

complaint by Palombo. No question has been raised as to the validity of Subsection 130-36-G of the zoning ordinance requiring construction to be begun within six months from the issuance of zoning approval. The township did not cancel the zoning approval until August 29, 1978, almost eleven months after its issuance with no construction begun, and there is nothing in the record suggesting that the township impeded compliance with zoning regulations during this time. When zoning approval was cancelled Palombo's lot reverted to and thereafter remained in the same zoning status it had prior to the grant of approval. *Chetwynd Associates v. Radnor Township*, 21 Pa. Commonwealth Ct. 493, 347 A.2d 320 (1975). The hearing judge's basis for the grant of the extension of zoning approval, the delay on the part of the township in issuing approval of the original application, was concluded at the latest in October 1977. The order appealed from was erroneous in law because the court simply set aside a valid zoning regulation.

The order of June 21, 1979 also constitutes, we are afraid, an abuse of the court's discretion. It refers to an extension of zoning approval to the plaintiffs, who remained Palombo and Inn Management Services, despite the fact that the latter had, as the petition for the rule revealed, abandoned the project. If, as Palombo seems to argue, the order is to be read as meaning somehow that R&K Properties' fast food enterprise should be considered to have zoning approval then, not only has relief been afforded to a person who was not a party to the lawsuit, zoning approval has been granted for a project which was never applied for, as again the zoning regulations required.

Order reversed.

### Order

And Now, this 5th day of June, 1980, the order of the Court of Common Pleas of Allegheny County

dated June 21, 1979 is reversed, and the rule on the defendants below to show cause why the order of June 27, 1977 should not be enforced in favor of Palombo and R&K Properties is discharged.