Tony Lucia, Appellant *v.* Zoning Hearing Board of The Township of Upper St. Clair et al., Appellees.

Argued October 8, 1981, before Judges Mencer, Williams, Jr. and Palladino, sitting as a panel of three.

*George C. Entenmann, Entenmann & McKinney,* for appellant.

*Joel P. Aaronson, Baskin and Sears,* for appellee.

Opinion by Judge Mencer, December 18, 1981:

Tony Lucia (appellant) has appealed from an order of the Court of Common Pleas of Allegheny County which affirmed the denial of his request for a time extension of a conditional use permit by the Zoning Hearing Board of Upper St. Clair Township (Board). We affirm.

The Board issued a conditional use permit to the appellant on June 5, 1978 for the construction and operation of a garden nursery in a residential zone. Sec-

tion 130-36-G of the Upper St. Clair Township Code provided:[1]

> If the work described in any application for zoning approval has not begun within six months from the date of issuance thereof, said permit shall expire and it shall be cancelled by the Zoning Administrator and written notice thereof shall be given to the persons affected.

The appellant did not secure a building permit or begin work within six months of the date of issuance.

On September 21, 1979, the appellant requested an extension of his conditional use permit.[2] This request was denied because the original permit had expired before the extension was requested. The appellant appealed this decision, arguing that the original permit had *not* expired since the Board had failed to give written notice as required by Section 130-36-G. The Court of Common Pleas affirmed and this appeal followed.

Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b), provides that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." This rule is applicable to ordinances as well as statutes. *Appeal of Neshaminy Auto Villa Ltd.*, 25 Pa. Commonwealth Ct. 129, 358 A.2d 433 (1976). In the case before us, it is clear from the language of Section 130-36-G that the expiration of the conditional use permit was not dependent upon the giving of written notice. Failure to give notice could arguably have created an estoppel

---

[1] This provision has since been amended to extend the time limit to twelve months and delete the written notice requirement. Ordinance No. 847, Section 77, adopted July 2, 1979.

[2] On June 4, 1979, the Township of Upper St. Clair enacted Ordinance No. 840, Section 28A of which deleted "garden nursery" as a conditional use in a residential zone.

against the Board if the appellant had shown justifiable reliance and detrimental change in position,[3] but it could not prevent the automatic expiration of the permit. As a result, the failure of the Board to give written notice is immaterial to this appeal.

The court below correctly relied upon *Chetwynd Associates v. Radnor Township,* 21 Pa. Commonwealth Ct. 493, 347 A.2d 320 (1975), in deciding this case. In *Chetwynd,* this court held that, where a local ordinance provided for the automatic expiration of a zoning variance if construction was not begun within six months, the property reverted to its prior zoning classification when the variance expired. In the present case, the conditional use permit expired on December 5, 1978, the property then reverted to its prior status, and the subsequent application for an "extension" of the permit was beyond the power of the Board to grant.

Order affirmed.

ORDER

AND NOW, this 18th day of December, 1981, the order of the Court of Common Pleas of Allegheny County, dated December 16, 1980, which upheld the decision of the Zoning Hearing Board of the Township of Upper St. Clair denying a request by Tony Lucia for an extension of a conditional use approval, is hereby affirmed.

---

[3] *See Sunseri v. Sunseri,* 358 Pa. 1, 55 A.2d 370 (1947), and cases cited therein.