William L. Shelley et al., Appellants *v.* The Zoning Hearing Board of Carlisle, Appellee.

154

Argued November 18, 1982, before Judges Blatt, Williams, Jr. and Craig, sitting as a panel of three.

*Frances H. Del Duca, Faller & Del Duca,* for appellants.

*Dale F. Shughart, Jr., Fowler, Addams & Shughart,* for appellee, Constance B. Ruby, t/a Walnut Bottom Tavern.

Opinion by Judge Craig, January 13, 1983:

In this zoning appeal, a group of protesting neighbors appeals the order of the Court of Common Pleas of Cumberland County which, in substantially affirm-

ing the decision of the Carlisle Zoning Hearing Board, held that owner Constance B. Ruby could rebuild the Walnut Bottom Tavern which had been partially destroyed by fire.

Under the Carlisle Zoning Ordinance, the tavern was a nonconforming use in an R-2 Residential District. After the fire, the township refused the owner's request for a building permit to rebuild the tavern, citing Section 901.1 of the Zoning Ordinance,[1] which provides:

> In the event that a non-conforming use in any district is destroyed or partially destroyed by fire, explosion or other cause, or otherwise damaged to the extent of fifty (50%) percent or more of either its assessed valuation (as determined from the Assessment Rolls effective at the date of damage or destruction) or its bulk of all buildings, structures, and other improvements on the lot, such non-conforming uses shall terminate and the lot shall thereafter be used only for conforming uses.

After the township refused to issue the permit, the owner appealed to the board. The board found that the fire damage of $51,133 exceeded 50% of the tavern's assessed value[2] of $5,320, but, recognizing that application of the assessed value measurement often would lead to "arbitrary and unreasonable" results,[3] it simply read "assessed value," as used in

---

[1] Section 901.1 of the Carlisle Zoning Ordinance has been recodified in its identical form as Section 311(5) of the Ordinance.

[2] The board also found that the fire did not destroy the "bulk" of the structure. However, because Section 901.1 is written disjunctively, a finding that the fire damaged the building greater than 50% of the assessed value would require the board to refuse to permit reconstruction of the nonconforming use.

[3] Board's Conclusion of Law No. 2.

the ordinance as if it meant "fair market value." After finding that the fair market value of the tavern before the fire was $140,000, the board concluded, and the common pleas court agreed, that Section 901 did not prohibit reconstruction of the tavern.

The neighbors assert that: (1) the board had no power to interpret "assessed value" in the ordinance's Section 901.1 as "fair market value"; and (2) the owner failed to challenge the general validity of that ordinance section under Section 1004 of the Pennsylvania Municipalities Planning Code (MPC).[4]

The owner, in response, concedes that (1) the board had no power to interpret "assessed value" as "fair market value;"[5] and (2) that the owner failed to challenge the general validity of Section 901.1 under Section 1004 of the MPC. However, the owner contends that she properly challenged the validity of the ordinance, not generally, but as it affected her specific property. She asserts that, because the application of the ordinance section to her particular situation would be confiscatory and therefore unconstitutional, she is entitled to a variance either under Section 912 of the MPC[6] or Section 1004 of the MPC.

Section 1004 of the MPC is the exclusive mode[7] "for testing the constitutionality of a zoning restric-

---

[4] Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §10101-11202.

[5] The Statutory Construction Act of 1972, 1 Pa. C. S. §1921(b), which is applicable to zoning ordinances, see Lucia v. Zoning Hearing Board of the Township of Upper Ct. Clair, 63 Pa. Commonwealth Ct. 272, 437 A.2d 1294 (1981), provides:

When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

[6] 53 P.S. §10912.

[7] See Fretz v. Hilltown Township Board of Supervisors, 22 Pa. Commonwealth Ct. 276, 279, 348 A.2d 488, 489-90 (1975).

tion on its face as well as applied to a specific property where a variance is unavailable due to the cause of the alleged confiscation or the nature of the rezoning requested." *Beekhuis v. Zoning Hearing Board of Middletown,* 59 Pa. Commonwealth Ct. 307, 313, 429 A.2d 1231, 1235 (1981), in citing President Judge CRUMLISH's concurring opinion in *Robin Corp. v. Board of Supervisors of Lower Paxton Township,* 17 Pa. Commonwealth Ct. at 399, 338 A.2d at 848 (1975).

Section 1004 of the MPC allows a landowner to submit his challenge either to the zoning hearing board or to the governing body of the municipality. *Beekhuis v. Zoning Hearing Board of Middletown.*

Subsection 1004(2) provides, in relevant part:

The submissions [regarding the validity of an ordinance] shall be governed by the following:

(a) The landowner shall make a written request to the board or governing body that it hold a hearing on his challenge. The request shall contain a short statement reasonably informing the board or the governing body of the matters that are in issue and the grounds for the challenge. . . .

Here the attorney then representing the owner sent a letter to the Chief Code Enforcement Officer of the Borough of Carlisle, and requested, in relevant part:

Pursuant to your letter of February 13, 1980, I am writing to advise you that on behalf of Constance Ruby, owner of the Walnut Bottom Tavern, we are filing an appeal before the Carlisle Zoning Hearing Board, requesting the issuance of a building permit.

The Walnut Bottom Tavern desires to seek relief from the non-conforming damage clause section [Section 901.1] of the Carlisle Zoning Ordinance. This appeal is necessitated by

your Solicitor's opinion, which was adopted by your Planning Commission, that since the structural damage to the Walnut Bottom Tavern exceeds 50% of its assessed valuation, a building permit will not be issued to Mrs. Ruby to allow her to reconstruct the tavern.

Merely notifying a municipality that a landowner desires to seek "relief" from a provision in a zoning ordinance does not inform that municipality "of the matters that are in issue and the grounds for the challenge," as required by Section 1004(2). *Appeal of American Medical Centers, Inc.,* 54 Pa. Commonwealth Ct. 573, 422 A.2d 1192 (1980). Therefore, we conclude that the owner never raised a challenge to the validity of the ordinance section to the board under MPC Section 1004 in any respect, and therefore we will not now consider that challenge on appeal. *Cutler v. Newtown Township Zoning Hearing Board,* 27 Pa. Commonwealth Ct. 430, 367 A.2d 772 (1976).

We next consider the owner's only alternative avenue for relief—a variance under Section 912 of the MPC. The statutory requirements for a variance, found in Section 912, must be met when seeking a variance. *A and D, Inc. v. Zoning Hearing Board of East Nottingham Township,* 32 Pa. Commonwealth Ct. 367, 379 A.2d 654 (1977).[8] Here, however, the attorney then representing the owner never requested a variance or presented evidence indicating that the

---

[8] These requirements may be summarized as follows: (1) the ordinance imposes an unnecessary hardship on the property; (2) the hardship results from the unique physical characteristics of the property; (3) the granting of a variance will not have an adverse impact on the health, safety and welfare of the general public; (4) the hardship must not be self-inflicted; and (5) the variance sought is the minimum variance that will afford relief. *A and D, Inc.,* 32 Pa. Commonwealth Ct. at 370, 379 A.2d at 656.

owner was entitled to one under Section 912.[9]  Parties seeking a variance—even the so-called "validity variance"—must prove the existence of an unnecessary hardship resulting when the unique or special physical characteristics of the situation make development for any permitted use realistically impossible, so that owner is deprived of use of the property, and that burden is a particularly heavy one when the variance is sought to permit a commercial use in a residential district.  *Appeal of American Medical Centers, Inc.*

Obviously, the pre-existing nonconforming use status of a property cannot constitute the requisite unique set of circumstances in itself, nor can the event of a fire satisfy that requirement of a variance.

Accordingly, the order of the court of common pleas must be reversed because the owner failed properly to challenge the validity of Section 901.1, and she also failed to request or introduce evidence justifying the granting of a variance under Section 912 of the MPC.[10]

---

[9] In his opening statement before the board, the attorney then representing the owner said:

Ah, you know, very briefly, we're not saying ah that this particular section of the ordinance is unconstitutional or unreasonable or unenforceable or void per se, but we are requesting is for a relief from Section 311 Paragraph 5 as it applies to this particular fact section and the facts which we hope to introduce ah tonight to ah evidence will show that to apply this ordinance to this fact situation it ends up you know it's ridiculous it ends up with a very unreasonable, unfair and which we would think to be ah unconstitutional and this is really what our request is.

[10] In so holding, we note that the question of whether the zoning hearing board erred in denying the owner's request for a variance to add an addition to her tavern to provide restrooms for handicapped individuals as required by Pennsylvania Department of Labor and Industry regulations is no longer relevant.  Furthermore, the board's determination that the owner should provide more off-street parking for her tavern is no longer relevant.

160

ORDER

Now, January 13, 1983, the order of the Court of Common Pleas of Cumberland County is reversed.

As to the question of whether the board erred in refusing the request of the tavern owner to rebuild the second floor of her tavern as it previously existed and was used for residential purposes, a conforming use, the owner has whatever rights are afforded to other landowners in that residential district. But *see* *Logan Square Neighborhood Association v. Zoning Hearing Board of Adjustment, City of Philadelphia*, 32 Pa. Commonwealth Ct. 277, 379 A.2d 632 (1977) (existence of nonconforming structure may constitute unnecessary hardship).