Visionquest National, Ltd. *v.* City of Franklin Zoning Board of Adjustment et al. Francis F. Zagar et al., Appellants.

Argued March 3, 1983, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*John P. Fonzo, Wasson, Egan & Wilson,* for appellants.

*David P. Brandt,* for appellee.

Opinion by Judge Rogers, May 11, 1983:

The Common Pleas Court of Venango County held that the zoning ordinance of the City of Franklin was invalid as effecting an unconstitutional exclusion of the use of property for group homes for troubled adolescents and ordered the issuance of an occupancy permit to the appellee, Visionquest National, Ltd. The city and neighbors of the proposed house who, intervening below, objected to its establishment have appealed.

Visionquest entered into an agreement to purchase a residence in the City of Franklin and applied to the zoning hearing board for a special exception or a variance or an interpretation of the city's zoning ordinance which would allow it to operate the group home for troubled adolescents. The home would accommodate up to eight youths supervised by live-in professional houseparents and youth counselors. Visionquest seems to be a proprietary enterprise for profit engaged in providing residential care for youths, some of whom are committed by the courts. The residence proposed

for this use in this case is located in the city's R-3 residential zoning district and as well in its TRC transitional residential-commercial zoning district.

Visionquest's request for interpretation was worded as follows:

[A]n interpretation of the Codified Ordinances of the City of Franklin, Part Thirteen, Title One, Articles 1311 and 1315. . . . Though the Codified Ordinances of the City of Franklin, Part Thirteen does not define group home as a permitted use within any district, we must assume this is not intended to unconstitutionally exclude such a use but rather because the City did not anticipate the development of group homes in this area. As the R-3 or TRC Districts do provide for the least restrictive use of a residential district, it does appear, however, that our intended use would be consistent with the purpose and permitted uses within these districts.

At the hearing conducted by the zoning hearing board, a witness for Visionquest, described as its director, testified concerning the function and intended methods of operating its proposed group home. The intervening neighbors testified in opposition to the application. At the end of the hearing counsel for neighbors stated:

I would like to add something just to preserve the record in the event of appeal. On behalf of my clients, I would like to assert that the application is defective if it does attempt to raise the constitutional issue as to whether or not a group home has to be included in the Zoning Ordinance of the City of Franklin — a group detention home. We will not offer a defense for that. We have a defense for that proposition; but No. 1 it was inadequately represented, inadequately

presented in the application, there was no testimony given at the hearing in support of that and I, therefore, think that it is not properly entertainable by the Board and, therefore, would not be an issue that could be preserved for appeal to the Court of Common Pleas. I would like to have that stated on the record.

There was indeed no evidence adduced at the board's hearing related to the subject of the later alleged exclusionary nature of the zoning ordinance. However, in a memorandum submitted by Visionquest to the board after the hearing, the argument was made that, if the ordinance should not be interpreted as Visionquest urged, the ordinance was invalid as exclusionary.

The zoning hearing board refused Visionquest's applications finding: 1) that the ordinance provisions relative to the R-3 and TRC districts made no allowance for the operation of a group home; 2) that no hardship was shown justifying the grant of a variance; 3) that Visionquest, a "commercial enterprise for profit," proposed a use which would be incompatible with uses allowed in the R-3 district; 4) that although the residence sought to be used as a group home is also located in the TRC district, it is too distant from the commercial district to be assigned the broader uses allowed in TRC; 5) that no testimony was presented on the subject of the de facto or de jure exclusion of group homes throughout the city; and 6) that there was no evidence in the record showing an intentional exclusion of group homes or testimony demonstrating "the ability of the city to provide for" group homes.

Visionquest appealed the zoning hearing board's action to the common pleas court contending principally that the ordinance was facially unconstitutional because group homes were totally excluded by the zon-

ing ordinance. The city and the intervening neighbors contended that no proper challenge to the substantive validity of the zoning ordinance was made by Visionquest. The trial judge, without taking additional evidence, held that the zoning ordinance was invalid because it made no provision for group homes anywhere in the city and that Visionquest's application had sufficiently challenged the validity of the ordinance. As we disagree with the second of these holdings, we do not definitely address the first.

Section 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004, provides in pertinent part:

(1) A landowner who, on substantive grounds, desires to challenge the validity of an ordinance or map or any provision thereof which prohibits or restricts the use or development of land in which he has an interest shall submit the challenge either:

(a) To the zoning hearing board for a report.
. . .

(b) To the governing body together with a request for a curative amendment . . .

2) The submissions referred to in the subsection (1) shall be governed by the following:

(a) The landowner shall make a written request to the board or governing body that it hold a hearing on his challenge. The request shall contain a short statement reasonably informing the board or the governing body of the matters that are in issue and the grounds for the challenge. . . .

. . . .

(c) The request shall be accompanied by plans and other materials describing the use or devel-

opment proposed by the landowner in lieu of the use or development permitted by the challenged ordinance or map. . . .

Challenges on constitutional grounds to the substantive validity of provisions of zoning ordinances as they affect all property in the municipality must be pursued by procedures set forth in Section 1004 and those procedures are the exclusive means of making such challenges. *American Medical Centers, Inc. Appeal*, 54 Pa. Commonwealth Ct. 573, 576, 422 A.2d 1192, 1193-94 (1980); *Robin Corp. v. Board of Supervisors of Lower Paxton Township*, 17 Pa. Commonwealth Ct. 386, 395, 332 A.2d 841, 846 (1975). "[O]ne of the principal purposes of making Section 1004 of the MPC the exclusive means by which a substantive challenge may be allowed is to insure that a municipality had sufficient 'notice' that such challenge was being made." *Hammermill Paper Co. v. Greene Township*, 39 Pa. Commonwealth Ct. 212, 218, 395 A.2d 618, 620 (1978). In *Spencer v. Earl Township Board of Supervisors*, 23 Pa. Commonwealth Ct. 37, 350 A.2d 214 (1976), we held that an allegation in an application to a governing body for zoning relief that the applicable minimum lot size restrictions were "in violation of the U.S. Constitution" was not a sufficient statement reasonably informing the governing body of the matter and the grounds for the challenge. In *Shelley v. Zoning Hearing Board of Carlisle*, 71 Pa. Commonwealth Ct. 153, 454 A.2d 664 (1983), we held that a letter from counsel to the zoning hearing board stating that his client was thereby filing an appeal seeking relief from a provision of the zoning ordinance did not inform the municipality of the matters that are in issue and the grounds for the challenge required by Section 1004(2)(b) and we thereupon concluded "that the owner never raised a challenge to the validity of the ordinance section to the board. . . ." *Id.* at 158, 454 A.2d at 666. In

*Spencer v. Earl Township, supra,* we faulted the landowner's application on the additional ground that the petition was not accompanied by plans and other materials required to be submitted with a challenge by Section 1004(2)(c).

We believe the court below erred in concluding that Visionquest had sufficiently challenged the substantive validity of the city's ordinance. The only reference in Visionquest's application remotely suggesting a challenge to the validity is the sentence: "Though the Codified Ordinances of the City of Franklin, Part Thirteen does not define group home as a permitted use within any district, we must assume that this is not intended to unconstitutionally exclude such a use but rather because the city did not anticipate the development of group homes in this area." This is an argument in support of interpreting the ordinance as permitting group homes; it is not in our view a "statement reasonably informing the board . . . of the matters that are in issue and the grounds for the challenge. . . ." Nor were "plans and other materials describing the use . . . proposed . . . in lieu of the use . . . permitted. . . ." submitted.

The common pleas court relied on the case of *Eller v. Board of Adjustment,* 414 Pa. 1, 198 A.2d 863 (1964) for the proposition that a complaint as to the constitutionality of the ordinance may be raised for the first time to the court of common pleas. This was misplaced. As we have written, *Eller* "involved procedural possibilities before the enactment of Section 1004 of the MPC and . . . is no longer controlling on this issue." *American Medical Centers, Inc. Appeal, supra,* 54 Pa. Commonwealth Ct. at 576, 422 A.2d at 1194. *See also, Phelan v. Zoning Hearing Board of Lower Merion Township,* 19 Pa. Commonwealth Ct. 63, 339 A.2d 612 (1975). It is true as the common pleas court notes that the zoning hearing board made what might

be read as a reference to the matter of the validity of the ordinance, but, as we noted, there was nothing of this advanced at the hearing and the board's comment was likely a response to Visionquest's memorandum raising this question submitted after the hearing. The fact that the board then knew that Visionquest contended that the ordinance was constitutionally exclusionary at the hearing does not meet the purpose of the procedures required by Section 1004 to put the municipality on notice that its ordinance is being challenged on substantive grounds at the outset of the proceedings. The procedures are not onerous and being purposed to provide notice to an adversary in potential litigation this provision *should* be insisted upon.

We are therefore compelled to reverse the order of this court. We believe it is appropriate to mention, however, that the trial court did not address Visionquest's contention, that its proposed use is permitted in the TRC district in which its property is located. The TRC district is an area delineated on the zoning map embracing parts of other districts in which uses additional to those permitted in the basis district may be allowed by application to the zoning hearing board. The purpose of the TRC district is stated to be :

> to create a recognition of the necessity of growth of the Business Districts as an integrated segment of the growth of the City. The intent of this district is to maintain desirable residential neighborhood characteristics in the area while providing areas for expansion of small businesses, offices and high density residential uses and to promote heterogeneous development of a compatible use neighborhood. . . .

The following are allowed upon ''concurrence'' of the zoning hearing board :

> a. All uses permitted in all Residential Districts.

b. *All residential uses,* including row houses and apartment houses without limit on number of units provided all pertinent provisions of this section of the Code are observed.

. . . .

e. Hospitals, nursing homes, convalescent homes and/or clinics for humans.

. . . .

j. Uses similar in character to any of the foregoing. . . . (Emphasis added.)

The order of the common pleas court is reversed, without prejudice to the appellee's right to make such further applications or challenges as are provided by law.

### ORDER

AND Now, this 11th day of May, 1983, the order of the Court of Common Pleas of Venango County dated June 30, 1982 is reversed without prejudice to the appellee's right to make such further applications or challenges as are provided by law.