532 A.2d 937

Rocco S. Tirotta, Appellant *v.* Zoning Hearing Board of Yeadon, Appellee.

Argued September 14, 1987, before Judge CRAIG, and Senior Judges BARBIERI and KALISH, sitting as a panel of three.

*Edward C. Harkin,* for appellant.

*Stephen J. Polaha,* Of Counsel: *Eckell, Sparks, Levy, Auerbach, Monte & Moses,* for appellee.

OPINION BY JUDGE CRAIG, October 28, 1987:

Rocco S. Tirotta appeals an order of the Delaware County Court of Common Pleas affirming the denial of a requested zoning variance by the Yeadon Borough Zoning Hearing Board. Tirotta sought a variance to permit the installation of a ten-foot satellite dish on the roof of his home. The board denied the variance, under the procedures set forth in Section 912 of the Pennsylvania Municipal Planning Code, Act 247 of 1968, P.L. 805, *as amended,* 53 P.S. 10912.

Tirotta raises three issues on appeal:

(1) Whether the board abused its discretion or committed legal error in denying the variance;

(2) Whether FCC regulations addressing television satellite dishes preempt the borough's zoning ordinance; and

(3) Whether the zoning ordinance is unconstitutionally arbitrary and unnecessarily discriminatory, by allowing satellite dishes in A-residence districts but not in B-residence districts.

The undisputed facts in this case show that Tirotta's home is located in a B-residence district. The dwelling is a semi-detached structure with a store on the first floor, built on a corner lot. There is no rear yard. The borough zoning ordinance permits satellite receive-only antennas or dishes only in A-residence districts by way

of special exception, subject to the following require-
ments:

(1)   A satellite dish shall be placed only in a rear
yard and must be inside the set back require-
ments of the District.

(2)   Only a satellite dish of thirty-six inches or
less in diameter shall be permitted to be in-
stalled on a rooftop.

(3)   A satellite dish shall be of a color that
blends with the surrounding landscape and shall
be screened by either plant, shrubbery or a low
decorative fence.

(4)   The installation of a satellite dish must meet
all other local, State or Federal Codes where ap-
plicable.

Zoning Ordinance Section 1258.02(c)(4). Satellite anten-
nas and dishes are not permitted in B-residence dis-
tricts. Zoning Ordinance Sections 1260.01 to 1260.05.

Tirotta requested a variance to permit installation of
a ten-foot satellite dish on the roof of his house. Tirotta
testified before the board that he was satisfied with the
sports programming provided by cable television ser-
vice, and that he wanted the satellite dish so that he
could receive more channels. A representative of the
company contracted to install the dish testified that the
roof was structurally sound and could support the satel-
lite dish. The borough building inspector, Tirotta's
neighbor, testified in opposition to the variance, stating
that the dish was visible from the street and expressing
concern over proliferation of roof-top satellite dishes in a
district where few homes had back yards. Tirotta did
not challenge the validity of the ordinance before the
board.

The board denied the requested variance. Following
an appeal by Tirotta, at which no further testimony was
taken, the Court of Common Pleas found that Tirotta

had not established that he was entitled to a variance, that FCC regulations did not preempt the zoning ordinance on satellite dishes, and that the ordinance was not unconstitutional.

This court's scope of review in a zoning case, where no additional testimony is taken before the lower court, is limited to determining whether the board abused its discretion or committed an error of law. *Valley View Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

The criteria for examining a variance request are set out in MPC section 912, 53 P.S. §10912, summarized as follows:

(1) There must be unique physical circumstances peculiar to the property, not generally found in the neighborhood;

(2) A Variance is necessary to enable the reasonable use of the property;

(3) That the owner did not create the hardship;

(4) That the variance will not alter the essential character of the neighborhood; and

(5) The requested variance represents the minimum variance necessary to afford relief.

We agree with the trial court that Tirotta has not met his burden of establishing that he was entitled to the variance. We must first note that, even though the variance request was presented in terms of the A-residence district ordinance which allows satellite dishes by way of special exception, Tirotta lives in a B-residence district where satellite dishes are not permitted. Tirotta is thus seeking relief from the ban on all satellite dishes in B-residence districts, while also attacking the conditions governing satellite dishes in A-residence districts, even though the latter are not applicable to his property, strictly speaking.

Tirotta has not met the criteria for a variance set out in §912. The fact that Tirotta's lot has no rear yard is not unique to his property; testimony before the board indicated that most lots in the neighborhood do not have back yards. A landowner is entitled to a variance only where he establishes that the zoning regulation uniquely burdens the property so as to create an unnecessary hardship and the variance does not adversely affect the health, safety and welfare of community. *In re Avanzato,* 44 Pa. Commonwealth Ct. 77, 403 A.2d 198 (1979). The record indicates that Tirotta's property is not uniquely burdened.

Neither does Tirotta's request meet the criteria of subsection (2); the building on the lot is currently being used as a store and home. No variance is necessary to enable reasonable use of the property. Regarding the other factors considered under §912, the testimony before the board indicated that the rooftop dish was visible from the street, and that the building inspector was concerned about a proliferation of satellite dishes in the neighborhood, where few lots have rear yards. These facts argue against Tirotta's claim that the variance would not alter the essential character of the neighborhood. Finally, there was no evidence that a variance to allow a ten-foot dish represented the minimum variance that would afford relief.

Under these circumstances, the board acted properly in denying the requested variance.

Tirotta raises two other issues on appeal, challenging the validity of the zoning ordinance's regulation and prohibition of satellite dishes on the grounds of federal preemption and unconstitutional discrimination. Although Tirotta presented these issues to the trial court, he did not raise them before the zoning hearing board. Section 1004 of the MPC, 53 P.S. §1004, provides in pertinent part:

(1) A landowner who, on substantive grounds desires to challenge the validity of an ordinance or map or any provisions thereof which prohibits or restricts the use or development of land in which he has an interest shall submit the challenge either:

(a) To the zoning hearing board a report thereon under section 910 or 913.1; or

(b) To the governing body with request for a curative amendment under 609.1.

Challenges on constitutional grounds to the substantive validity of provisions of zoning ordinances as they affect all property in the municipality must be pursued by the procedures set forth in §1004 and those procedures are the exclusive means of making such challenges. *Visionquest National, Ltd. v. City of Franklin Zoning Board of Adjustment,* 74 Pa. Commonwealth Ct. 270, 459 A.2d 1327 (1983). One of the principal purposes of making Section 1004 the exclusive means by which a substantive challenge may be allowed is to insure that a municipality had sufficient notice that such challenge was being made. *Hammermill Paper Co. v. Greene Township,* 39 Pa. Commonwealth Ct. 212, 395 A.2d 618 (1978).

Tirotta's failure to raise these substantive issues before either the zoning hearing board or the governing body, pursuant to Section 1004, precludes review of these issues in this court. The record contains no testimony addressing either issue, for no testimony was taken by the trial court, where the issues were first raised. Review of these issues, where there has been incomplete development of the factual and legal arguments before the lower court, is premature at this time.

The order of the common pleas court is affirmed, without prejudice to Tirotta's right to make such further applications or challenges as are provided by law.

ORDER

NOW, October 28, 1987, the decision of the Court of Common Pleas of Delaware County, dated October 2, 1986, is affirmed.