Darryl R. FREY

v.

Charles M. PANZA, Jr.

Darryl R. FREY and Darryl R. Frey, Inc.

v.

HAMPTON TOWNSHIP, Darryl R. Frey and Darryl R. Frey, Inc., Appellants.

No. 79–2463.

United States Court of Appeals, Third Circuit.

Argued March 19, 1980.

Decided June 9, 1980.

W. Thomas Laffey, Jr. (argued), Maurice A. Nernberg, Jr., Nernberg & Laffey, Pittsburgh, Pa., for appellants.

John Wesley Jordan, IV (argued), Thomson, Rhodes & Grigsby, Pittsburgh, Pa., Robert R. Graff, Mohan & Graff, Pittsburgh, Pa., for appellees.

Before SEITZ, Chief Judge, and WEIS and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

Per Curiam:

The issue in this appeal is whether a municipal official may make warrantless inspections of houses under construction to assure compliance with the building code. The district court, after balancing the minimal privacy expectations of the builder and the significant governmental interest in safe construction, concluded that the inspections were permissible. We agree and affirm.

Plaintiff constructs residential houses in western Pennsylvania communities, including Hampton Township, Allegheny County. In the last several years he has had difficulties with defendant Charles Panza, the building inspector for the Township, who has issued citations alleging various infractions of the building code, and on occasion has shut down jobs.

In a suit filed in the district court, plaintiff asserted violations of his fourth and fourteenth amendment rights and sought an injunction as well as damages. The district court dismissed the complaint, but on appeal we remanded for further development of the record in light of *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), and *Michigan v. Tyler*, 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978). *Frey v. Panza*, 583 F.2d 113 (3d Cir. 1978).

On remand, a companion action against the Township was consolidated with the first suit and the parties undertook additional discovery. After argument, the plaintiff's motion for a preliminary injunction was denied and the defendants' motion for summary judgment was granted.

Beginning in 1952, Hampton Township adopted the building code compiled by the Building Officials & Code Administrators International, Inc. and its superseding versions as they were released. The 1975 code, which was introduced into the record, is a book of some 497 pages providing for the issuance of building permits, inspections of construction in progress, standards for building materials, design criteria for plumbing, electrical, and structural members, and other detailed requirements for construction. Before building may begin, the contractor is required to obtain a permit conditioned upon agreement to comply with the code. Code §§ 113.1, 115.2. Four scheduled inspections are required during the construction and § 112.1 gives the building inspector authority to enter the structure at any reasonable hour to enforce the provisions of the code.

The plaintiff stated that he had no objection to the regularly scheduled inspections but did not want the inspector on the premises without a warrant at any time that he chose. The district court concluded that evidence of the nature of the work, the condition of the premises, and the acquiescence in at least the scheduled inspections established at most only an insubstantial expectation of privacy. Against the de minimus intrusion caused by inspections, the court weighed the governmental interest in close supervision to insure safe construction, the inability to detect some violations of the code after construction had proceeded beyond certain stages, and the infeasibility of having an inspector on the premises at all times. On balance, the court concluded that warrantless inspections were not unconstitutional.

In *Marshall v. Barlow's, Inc., supra*, the Supreme Court reiterated the applicability of the search warrant requirement of the fourth amendment to commercial structures with the exception of enterprises with "a long tradition of close government supervision, of which any person who chooses to enter such a business must already be aware." *Id.* at 313, 98 S.Ct. at 1821. Those who voluntarily engage in such licensed and regulated businesses accept the burdens as well as the benefits of the trade. *See G. M. Leasing Corp. v. United States*, 429 U.S. 338, 97 S.Ct. 619, 50 L.Ed.2d 530 (1977); *Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973); *Marshall v. Stoudt's Ferry Preparation Co.*,

602 F.2d 589 (3d Cir. 1979), *cert. denied*, 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1980).

The record in this case shows that the construction industry in the Township in all its phases is subject to detailed and exacting regulation by the municipality. The contractor must file plans before he begins work and he is held to the requirements of the code as his project proceeds. He is aware in advance that the work is subject to inspection without notice. The construction industry has a long history of governmental supervision and oversight enforced by inspection. *See United States v. Biswell*, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972) (firearms); *Colonnade Catering Corp. v. United States*, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970) (liquor). And the statute challenged here is directed specifically and exclusively at that one industry. *Cf. Marshall v. Barlow's, Inc., supra* (statute authorized searches of all businesses within OSHA's jurisdiction).

We note also that the ordinance limits inspections to the construction site, at reasonable hours, and for the purposes of enforcing compliance with the building code. These restrictions point toward the reasonableness of the inspection and counsel against requiring an administrative warrant. *See Marshall v. Stoudt's Ferry Preparation Co., supra.*

The case at hand is distinguishable from *Camara v. Municipal Court*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967), where a city housing inspector sought to search a residential area. The Court found that without a warrant, the occupant had no way of knowing whether an inspection was authorized or required or whether the search would be limited in scope. *Id.* at 532, 87 S.Ct. at 1732. Likewise in *See v. City of Seattle*, 387 U.S. 541, 87 S.Ct. 1737, 18 L.Ed.2d 943 (1967), the fire department wished to inspect a locked, commercial warehouse as part of a citywide canvass to obtain compliance with the fire code. Since there was no showing that the owner lacked an expectation of privacy, even though the structure was commercial, the Court applied the general rule that a search is unreasonable if conducted without a warrant.

We conclude that the district court did not err in holding for the defendants and, accordingly, its judgment will be affirmed.