578 A.2d 629

**Carl C. REYNOLDS and Kathryn Reynolds, his wife, Appellants,**

v.

**The ZONING HEARING BOARD OF ABINGTON TOWNSHIP, Appellee.**

Commonwealth Court of Pennsylvania.

Argued April 3, 1990.

Decided Aug. 10, 1990.

Peter G. Loftus, Scranton, for appellants.

William F. Dunstone, with him, Joseph A. O'Brien, Oliver, Price & Rhodes, Scranton, for appellee.

Before DOYLE and PALLADINO, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

 Carl C. and Kathryn Reynolds appeal from an order of the Court of Common Pleas of Lackawanna County which affirmed the decision of the Zoning Hearing Board (ZHB) of Abington Township to deny the Reynolds' application for a special use exception. We affirm the order but on different grounds.[1]

The Reynolds applied to the ZHB for a special exception to use their home as a "Bed and Breakfast." The home is located in an R–1, low density, residential district. Section 503(d) of the Abington Township Zoning Ordinance of 1987 (Ordinance) permits a "home occupation" to qualify as a special use in an R–1 district and the Reynolds applied for their special use exception under the theory that a Bed and Breakfast is a "home occupation." The ZHB disagreed and denied the application both on the ground that a Bed and Breakfast is not a "home occupation" and also on the ground that even if it were, the Reynolds' proposed use of home space did not meet the size requirements set forth in Section 703(c)(2)(b) of the Ordinance which, in essence,

---

1. Although the trial court affirmed the decision of the ZHB based on an incorrect rationale, we may nonetheless affirm the court's order based upon a different rationale if the basis for our affirmance is clear on the record. *Department of Transportation v. Richards,* 124 Pa.Commonwealth Ct. 432, 556 A.2d 510 (1989).

restricts the home occupation use to one-third of the floor area of the dwelling. The ZHB said that a Bed and Breakfast is more akin to a boarding house or a hotel. The common pleas court affirmed the decision of the ZHB, but only because of the Reynolds' failure to meet the size requirements, declaring that a Bed and Breakfast *is* a home occupation.

■ We respectfully must disagree with the trial court's conclusion that the ZHB abused its discretion on the issue of whether a Bed and Breakfast is a home occupation; we agree with the ZHB's conclusion that a Bed and Breakfast is *not* a home occupation as the meaning of that term and use was intended by the Board of Supervisors in adopting the Ordinance.[2]

Section 302 of the Ordinance defines a "home occupation" as follows:

HOME OCCUPATION: Any use customarily conducted entirely within a dwelling ... and carried on by the inhabitants residing therein, providing that the use is clearly incidental and secondary to the use of the dwelling for dwelling purposes....

This same definitional section defines a hotel as follows:

HOTEL: A building containing rooms intended or designed to be used or which are used, rented or hired out to be occupied or which are occupied for sleeping purposes by guests and where only a general kitchen and dining room are provided....

Hotels are allowed as a principal permitted use only in C-2 Special Commercial District areas.

A boarding house is then defined as follows:

BOARDING HOUSE: Any dwelling in which more than three persons, either individually or as families, are

2. Where the common pleas court takes no additional evidence, our scope of review is limited to a determination of whether the ZHB abused its discretion or committed an error of law. A zoning hearing board abuses its discretion when its factual findings are unsupported by substantial evidence. *Valley View Civic Association v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

housed or lodged for hire with or without meals. A rooming house or a furnished room house shall be deemed a boarding house.

Boarding houses are not listed as a specific permitted use in C–2 Special Commercial District areas. It seems likely, however, that they would be permitted under Section 611(g) which reads, "Other uses which shall be similar in character to those listed above (*i.e.,* hotel) as shall be determined by the Zoning Hearing Board."

The ZHB concluded that:

a facility such as that proposed by the applicants in this case were [sic] not specifically considered by the Board of Supervisors of the Township at the time of the adoption of the Ordinance. If the Supervisors had done so, the Board concludes, considering the general overall scheme of the Ordinance, that the Board of Supervisors would not have permitted bed and breakfast facilities in an R–1 district of the Township.

We must agree that such an analysis and conclusion is not unreasonable, and hence, not an abuse of discretion in this instance. A Bed and Breakfast is not "Clearly incidental or secondary to the use of the dwelling for dwelling purposes" and is therefore not a home occupation. It is more like a boarding house or a hotel (specifically defined in the zoning ordinance) [3] than a traditional undefined type of home occupation such as a craft shop, dressmaker or seamstress occupation. *See generally Page v. Zoning Hearing Board of Walker Township,* 80 Pa.Commonwealth Ct. 589, 471 A.2d 1348 (1984).

■ The ZHB further found that *even if* "another interpreter" of the ordinance found that a Bed and Breakfast falls within the definition of a "home occupation," the Reynolds' proposed use did not fulfill the size requirements as set forth by the ordinance in Section 703(c)(2)(b) which reads as follows:

3. Of critical significance is the fact that boarding houses are not specifically listed in any of the ordinance's designations.

*Size*—The use shall not exceed one-third (⅓) of the floor area of a residential dwelling or seven hundred fifty (750) square feet, whichever is lesser, or a legally existing accessory building meeting all applicable building codes.

The common pleas court agreed that the size requirements were not met and we agree with that finding as well. The record indicates that the Reynolds' proposed use would exceed the 750 sq. ft. limit. The four bedrooms and two bathrooms that the Reynolds intended to use for the Bed and Breakfast total 996 sq. ft.

■ On appeal to the common pleas court, the Reynolds raised the question of the constitutionality of the Ordinance. On appeal here, they argue that the Ordinance totally bans Bed and Breakfasts and there is, therefore, a *de jure* exclusion rendering the Ordinance unconstitutional. They assert that the lower court erred in not addressing the issue. Although the Reynolds presented this issue to the trial court, they did not raise it before the ZHB. Section 1004 of the Pennsylvania Municipalities Planning Code [4] was in effect when the present appeal to the Board was taken and provided in pertinent part:

(1) A landowner who, on substantive grounds, desires to challenge the validity of an ordinance or map or any provision thereof which prohibits or restricts the use or development of land in which he has an interest shall submit the challenge either:

(a) To the zoning hearing board for a report thereon under section 910 or 913.1; or

(b) To the governing body with request for a curative amendment under section 609.1.

■ Challenges on constitutional grounds to the substantive validity of provisions of zoning ordinances as they affect all property in the municipality then had to be pursued by the procedures set forth in Section 1004 and those

4. Act of July 31, 1968, P.L. 805, *as amended, formerly* 53 P.S. § 11004. Section 1004 has now been repealed by Section 100 of the Act of December 21, 1988, P.L. 1329. The procedure for challenging the validity of a zoning ordinance can now be found at Section 916.1, 53 P.S. § 10916.1.

procedures were the exclusive means of making such challenges. *Visionquest National, Ltd. v. City of Franklin Zoning Board of Adjustment*, 74 Pa.Commonwealth Ct. 270, 459 A.2d 1327 (1983). One of the principal purposes of making Section 1004 the exclusive means by which a substantive challenge could have been allowed was to insure that a municipality had sufficient notice that such challenge was being made. *Hammermill Paper Co. v. Green Township*, 39 Pa.Commonwealth Ct. 212, 395 A.2d 618 (1978).

The Reynolds failed to raise these substantive issues before either the ZHB or the governing body. The record is devoid of testimony on these issues and the trial court, before which the issues were first raised, took no additional evidence. Review of these issues by this Court is therefore precluded.

Because the record contains sufficient evidence to support the ZHB's finding that a Bed and Breakfast as proposed is not a home occupation under the Abington Township Zoning Ordinance, and that even if it were the proposed Bed and Breakfast would not fulfill the size requirement of a home occupation under that ordinance, we affirm the order of the Court of Common Pleas of Lackawanna County although on different grounds. The order of the ZHB is affirmed, without prejudice to the Reynolds' rights to make such further applications or challenges as are provided by law.

ORDER

NOW, August 10, 1990, the order of the Court of Common Pleas of Lackawanna County in the above-captioned matter is affirmed.