The **TOWNSHIP OF LOWER MILFORD**

v.

**Diane BRITT, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Feb. 7, 1997.
Decided June 12, 1997.

Robert C. Whitley, III, Doylestown, for appellant.

Edward H. McGee, Allentown, for appellee.

Before COLINS, President Judge, and DOYLE, J.(P.), and LORD, Senior Judge.

DOYLE, Judge (P.).

This is an appeal from an order of the Court of Common Pleas of Lehigh County which granted the Motion for an affirmative Preliminary Injunction filed by the Township of Lower Milford (the Township) to enter and inspect the property of Diane Britt to determine whether she was complying with the Township's zoning ordinance as well as conditions imposed by the Zoning Hearing Board of Lower Milford Township (Board).

Britt owns a 3.7–acre property located in Lower Milford Township, Lehigh County, Pennsylvania. In 1994, Britt applied for a variance from the Township's Zoning Ordinance so that she could lawfully conduct trash hauling activities on her property, which is located in an agricultural-rural zoning district. On February 21, 1995, the Zoning Hearing Board issued a decision[1] in which it granted Britt's request for a variance, thereby permitting her to operate a trash hauling business, but limited her ability to do so by very specific conditions specified in the decision.[2]

---

[1] The Township challenged the validity of this variance in an appeal before this Court in *Lower Milford v. Zoning Hearing Board of Lower Milford Township* (No. 3246 C.D.1995, filed June 12, 1997).

[2] Although this decision of the Board is currently on appeal to this Court, it provided as follows:

   (1) The trash hauling business shall be limited to two large trucks (maximum size approximately ten tons each) and two small pickups.

   (2) The operation shall be limited to 5–½ days per week.

   (3) The hours of operation shall be Monday through Friday from 7:00 a.m. to 6:00 p.m. and on Saturday from 7:00 a.m. to 12:00 noon.

. . . .

   (5) The trash to be delivered will conform to the description contained in this Board's Findings of Fact and shall not include perishable materials or other materials subject to deterioration.

   (6) At all times, the trash shall be in a sealed vehicle or a covered vehicle.

   (7) There shall be no storage of materials outside or inside the garage.

On or about March 17, 1995, the code enforcement officer for the Township, along with other Township representatives, inspected Britt's property and observed evidence that Britt was not abiding by the conditions imposed by the Board and that she was conducting prohibited recycling activities as well as unpermitted trash storage. On August 8, 1995, the code enforcement officer again inspected the property[3] and observed additional signs that the property was being used for more than merely trash hauling, contrary to the conditions specified in the Board's February 21, 1995 decision. After August 8, 1995, all further attempts by the Township representatives to enter onto Britt's property were denied by Britt.

On April 4, 1996, the Township filed a civil action in equity against Britt, alleging that Britt was not conducting her operations in accordance with the Board's decision. The Township also filed a Motion for a Preliminary Injunction, in which it alleged that Britt would not permit representatives of the Township to enter upon her property for the purpose of determining whether the use of her property for commercial purposes conformed to the provisions of the zoning ordinance.

On April 12, 1996, a hearing was held before the Lehigh County Court of Common Pleas on the issue of whether the Township should be granted injunctive relief to inspect the premises. The court ultimately granted the injunction and determined that Britt was required to permit the Township's zoning officer to "enter onto her property for purposes of inspection between the hours of 7:00 a.m. and 6:00 p.m. Monday through Friday and 7:00 a.m. and 12:00 noon on Saturdays without any prior written or oral notice." (Order of the Court of Common Pleas, 4/12/96, at 1; R.R. at 95a.) The court also ordered that "[t]he Zoning Officer must have the prerequisite suspicion of improper or illegal activity prior to entry as required by law," and that "[a]ny entry onto the property at any other hours requires the prerequisite suspicion of improper or illegal activity and

(Board's Decision at 4; Reproduced Record (R.R.) at 17a–18a.)

written notice of at least 24 hours." (Order of the Court of Common Pleas, 4/12/96, at 1–2; R.R. at 95a–96a.) This appeal followed.

On appeal, Britt argues that "the inspection of provisions of the Court's April 12, 1997 Injunction Order, as well as Section 614 of the Lower Milford Township Ordinance, are unconstitutional as applied to [her]." (Brief of Appellant at 12.)

■ This Court's standard of review with respect to appeals from a common pleas court's grant of a preliminary injunction is very narrow. We do not review the full merits of the controversy, but rather determine, based on the record, whether there were any reasonable grounds which would justify the trial court's decision. *Boyle v. Pennsylvania Interscholastic Athletic Association*, 676 A.2d 695 (Pa.Cmwlth.1996), *petition for allowance of appeal denied*, 546 Pa. 684, 686 A.2d 1313 (1996). Unless it is plain that no grounds exist to support the decree, or that the rule of law relied upon was palpably erroneous or misapplied, we will not interfere with the decision of the trial judge. *Township of Concord v. Concord Ranch, Inc.*, 664 A.2d 640 (Pa.Cmwlth.1995). After a careful review of the record and the relevant case law, we do not believe that such an error was committed in this case.

■ A search under the Fourth Amendment occurs where there is a government intrusion upon an individual's legitimate expectation of privacy, an expectation which must be actual and one that society recognizes as being reasonable. *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The Fourth Amendment does not proscribe warrantless searches but rather unreasonable searches, and the reasonableness of a search depends upon the facts and circumstances of a particular case. *United States v. Samuels*, 374 F.Supp. 684 (E.D.Pa.1974).

■ The United States Supreme Court has recognized an exception to the warrant requirement in the case of "closely regulat-

---

3. When the representatives of the Township entered the property on this occasion, they had first obtained a search warrant.

ed" industries which have a long history of governmental supervision and oversight enforced by inspection. *United States v. Biswell*, 406 U.S. 311, 92 S.Ct. 1593, 32 L.Ed.2d 87 (1972); *Colonnade Catering Corp. v. United States*, 397 U.S. 72, 90 S.Ct. 774, 25 L.Ed.2d 60 (1970). As the United States Supreme Court stated in *Donovan v. Dewey*, 452 U.S. 594, 598–99, 101 S.Ct. 2534, 2537–38, 69 L.Ed.2d 262 (1981),

> [t]he greater latitude to conduct warrantless inspections of commercial property reflects the fact that the expectation of privacy that an owner of a commercial property enjoys in such property differs significantly from the sanctity accorded an individual's home.

The facts of this case are analogous to those of *Frey v. Panza*, 621 F.2d 596 (3d Cir.), *cert. denied*, 449 U.S. 1035, 101 S.Ct. 611, 66 L.Ed.2d 497 (1980), in which the United States Court of Appeals for the Third Circuit, citing *Biswell* and *Colonnade*, held that a municipal officer may lawfully conduct a warrantless inspection of a house under construction to assure compliance with applicable building codes. The court concluded that the search did not infringe upon a reasonable expectation of privacy on the part of the property owner and determined that the search was thus not unreasonable. In affirming the decision of the district court, the Third Circuit reasoned as follows:

> Those who engage in such licensed and regulated businesses accept the burdens as well as the benefits of the trade. . . .
>
> [T]he construction industry in the Township in all its phases is subject to detailed and exacting regulation by the municipality. The contractor must file plans before he begins work and he is held to the requirements of the code as his project proceeds. He is aware in advance that the work is subject to inspection without notice. The construction industry has a long history of governmental supervision and oversight enforced by inspection.

*Id.* at 597. The same is true of recycling activities as well as the storage, disposal, and transportation of solid waste in this Commonwealth.

Although Britt argues that this exception to the warrant requirement does not apply to her because she is not engaged in a business subject to close government supervision or regulation, our review of the law of this Commonwealth compels a contrary conclusion. Indeed, there is an immense body of statutory and regulatory law relating to the subject matter, and it is apparent that the disposal, transportation, and storage of solid waste, as well as recycling activities, has been the subject of extensive regulation in this Commonwealth for some time. *See Commonwealth, Department of Environmental Resources v. Blosenski Disposal Service*, 523 Pa. 274, 284, 566 A.2d 845, 850 (1989) ("While hazardous waste is subject to perhaps more stringent regulation, so-called 'ordinary solid waste' is subject to extensive and pervasive regulation as well.")

Furthermore, the specific inspections authorized by the trial court's order are not unreasonable under the circumstances and thus do not offend Britt's Fourth Amendment rights, or her rights under Article I, Section 8 of the Pennsylvania Constitution. The trial court's order in this case was limited in scope, which further supports the conclusion that the inspections authorized thereby are not unreasonable. The order specifically states that the inspections are only to be conducted between certain reasonable hours during the week (ordinary business hours), and between other reasonable hours on the weekends. These times are precisely those specified in the Board's decision as the hours during which Britt could conduct her trash hauling business.[4] Any inspections at any other times must be accompanied by advance written notice, and a predicate to all of the inspections authorized by the order was a reasonable suspicion on the part of the Township that violations were taking place on Britt's property. Additionally, it should be noted that, at the April 12, 1996 hearing before the court of common pleas, the Township did present evidence which indicated that violations were taking place on the subject premises.

4. *See supra* note 2.

All of these considerations lead us to conclude that the trial court's order granting the injunction to permit the code enforcement officer to enter upon and inspect Britt's property without a warrant was not a violation of Britt's Fourth Amendment rights or her rights under Article I, Section 8 of the Pennsylvania Constitution.

■ Britt also contends that Section 614 of the Lower Milford Township Ordinance is "unconstitutional as applied to [her]" because it permits warrantless searches in general in violation of the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution. (Brief of Appellant at 12.)

However, the order presently before this Court on appeal is the order of the Common Pleas Court granting a preliminary injunction allowing the Township to enter and inspect Britt's property. This appeal, therefore, is not the appropriate means by which to challenge the substantive validity of the zoning ordinance itself. *See* Section 916.1 of the Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10916.1; *Reynolds v. Zoning Hearing Board of Abington Township*, 134 Pa. Cmwlth. 382, 578 A.2d 629 (1990).[5] The provisions of the zoning ordinance in this appeal are totally irrelevant and are not truly at issue.

We note in passing, however, that our Supreme Court has upheld similar provisions of the Solid Waste Management Act [6] under the United States and Pennsylvania Constitutions pursuant to the reasoning of the United States Supreme Court in the *Colonnade* and *Biswell* cases referred to above. In *Blosenski Disposal Service*, our Supreme Court stated:

> [O]ur legislature has determined that the risk to the public health, safety and welfare, and to the environment, posed by 'improper and inadequate solid waste practices,' both hazardous and non-hazardous, necessitates the warrantless inspection procedures authorized by [the Solid Waste Management Act].

*Blosenski Disposal Service*, 523 Pa. at 283, 566 A.2d at 849.

Consequently, we do not believe that, under the circumstances of this case, Section 614 of the zoning ordinance was applied in such a way as to infringe upon Britt's Fourth Amendment rights, or her rights under Article I, Section 8 of the Pennsylvania Constitution.

Order affirmed.

### ORDER

**NOW**, June 12, 1997, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is hereby affirmed.

---

5. In *Reynolds,* we stated that:

> Challenges on constitutional grounds to the substantive validity of zoning ordinances [must] be pursued by the procedures set forth in Section [916.3 of the MPC,] and those procedures [are] the exclusive means of making such challenges.... One of the principal purposes of making Section [916.3] the exclusive means by which a substantive challenge could have been allowed was to insure that a municipality had sufficient notice that such challenge was being made.

*Reynolds,* 578 A.2d at 631 (citations omitted); *see also Visionquest National, Ltd. v. City of Franklin Zoning Board of Adjustment,* 74 Pa.Cmwlth. 270, 459 A.2d 1327 (1983).

6. Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. §§ 6018.101–.1003. Section of 608 the Solid Waste Management Act provides in pertinent part as follows:

> The department and its agents and employees shall:
> ....
> (3) Enter any building, property, premises or place where solid waste is generated, stored, processed, treated, beneficially used or disposed of for the purposes of making such investigation or inspection as may be necessary to ascertain the compliance or noncompliance by any person or municipality with the provisions of this act and the rules and regulations promulgated hereunder.

35 P.S. § 6018.608.