**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2175
_____

ANNA SOSNINA;
LARKEN ROSE,
                                    Appellants
                    v.

ROBERT D. SCHADEGG,
Code Enforcer, Lower Moreland Township
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-15-cv-02637)
District Judge:  Honorable Juan R. Sánchez
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 20, 2016
Before: FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 23, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Anna Sosnina and Larken Rose appeal the District Court's order granting Appellee's motion to dismiss. For the reasons below, we will affirm the District Court's order.

The procedural history of this case and the details of Appellants' claims are well known to the parties, set forth in the District Court's memorandum, and need not be discussed at length. In 2009, Rose's parents owned a property, and a permit was obtained for construction of a two-story addition to a residence with Rose listed as the contractor. In 2014, with the construction unfinished, Sosnina purchased the property while allowing Rose to continue to live there. In February 2015, Appellee Schadegg, the Code Enforcer for Lower Moreland Township, requested that Sosnina schedule an inspection to determine if the construction was in compliance with the construction code. When Sosnina failed to schedule an inspection, Appellee informed her that one had been scheduled for April 8, 2015, and that failure to allow the inspection would result in a citation. Rose informed Appellee that he would not allow an inspection. An inspection did not occur, and Appellee sent Sosnina a citation with a $1000 fine for failing to allow an inspection.

Appellants filed a complaint in the District Court alleging that the issuance of the citation violated their Fourth Amendment rights and constituted retaliation against Rose for exercising his Fourth Amendment right to refuse a warrantless inspection.[1] Appellee

---

[1] After the District Court complaint was filed, Sosnina was adjudged guilty of the summary offense. On appeal, the Court of Common Pleas struck the fine once an inspection took place.

filed a motion to dismiss Appellants' complaint which the District Court granted. Appellants filed notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's order granting Appellee's motion to dismiss. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998).

The Fourth Amendment protects against unreasonable searches. A search performed without a warrant is generally unreasonable; however, there is an exception to the warrant requirement for highly regulated industries. Heffner v. Murphy, 745 F.3d 56, 66 (3d Cir. 2014); see also Free Speech Coal., Inc. v. Att'y Gen. of U.S., 677 F.3d 519, 544 (3d Cir. 2012) ("Certain industries have such a history of government oversight that no reasonable expectation of privacy could exist."). In Frey v. Panza, 621 F.2d 597 (3d Cir. 1980), we held that a municipal official is permitted to make warrantless administrative inspections of houses under construction to check for compliance with the building code. We noted that the construction industry was subject to "detailed and exacting regulation" with a long history of governmental oversight. Id. at 598. We pointed out that inspections were limited to enforcing compliance with the building code at the construction site at reasonable hours. Id. Frey is directly on point here. Appellee was permitted to perform a warrantless inspection of the construction on the property at issue in order to ensure compliance with the building code. Because Appellee was permitted to do so, Appellants had no Fourth Amendment right to refuse the inspection.

Appellants argue that the Supreme Court has barred the prosecution of one who refuses a warrantless inspection of a personal residence. Camara v. Municipal Court, 387

3

U.S. 523, 540 (1967). In <u>Camara</u>, the housing inspector entered a building to perform a routine, annual inspection for possible violations of the housing code. Suspecting that there was an unauthorized residential use of a portion of the building, the inspector, without a warrant, demanded to inspect the area. After being refused by Camara, the inspector returned again without a warrant. Camara again refused and was arrested for refusing a lawful inspection. <u>Id.</u> at 526-27. The Supreme Court concluded that Camara had a constitutional right to insist on a warrant and could not be convicted for refusing to allow the inspection. <u>Id.</u> at 540.

In <u>Frey</u>, we explicitly distinguished the situation in <u>Camara</u>. We noted that "[t]he [<u>Camara</u>] Court found that without a warrant, the occupant had no way of knowing whether an inspection was authorized or required or whether the search would be limited in scope." <u>Frey</u>, 621 F.2d at 598. Here, as in <u>Frey</u>, Appellants knew the basis for and limited scope of the inspection. Appellee's March 26, 2015 letter gave them notice that the inspection was pursuant to § 403.86 of the Pennsylvania Uniform Construction Code and was necessary to determine if "the dwelling is safe for occupancy as a result of incomplete construction which may cause an unsafe condition." Thus, <u>Camara</u> does not control here. That the unoccupied construction site was next to Rose's personal residence

does not negate the need for the construction to be inspected or require the use of a warrant. [2]

Because Appellants had no Fourth Amendment right to refuse the inspection, the District Court did not err in granting Appellee's motion to dismiss. Accordingly, we will affirm the District Court's judgment.

---

[2] In their opening brief, Appellants argue that the only issue on appeal is whether the "highly regulated industry" exception applies to an unlicensed, unpaid, non-professional individual doing construction work on his own residence. However, in their reply brief, they contend that they never argued that Rose's status as an unlicensed contractor working on his own residence makes him exempt from the Pennsylvania Uniform Construction Code. Regardless of whether they are pressing such an argument, they point to no exemption in the Construction Code for unlicensed contractors. We have considered the arguments and cases cited in Appellants' briefs but find none to be persuasive.